990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone TUCKER, Defendant-Appellant.
 No. 91-50096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1993.
Decided March 17, 1993.
 
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tucker was convicted along with a co-defendant, Wilborn, for crimes involving the possession and distribution of cocaine base. His timely appeal raises six issues. Three of these, however, have already been addressed by this court in connection with Wilborn's appeal. See United States v. Wilborn, No. 91-50092 (9th Cir. Oct. 30, 1992). These claims are therefore governed by the doctrine of law of the case. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). Accordingly, relief is foreclosed with respect to those of Tucker's claims that involve (1) pre-indictment delay, (2) the admission into evidence and use by the jury of tape transcripts, and (3) the constitutionality of 21 U.S.C. § 841.[1]
 
 
 3
 We discuss the remainder of Tucker's claims in turn.
 
 
 4
 * Tucker argues that he received ineffective assistance from his trial counsel.[2] We do not review such claims on direct appeal when their proper resolution requires "the development of facts outside the original record." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). We believe that Tucker's claim is of this nature. In particular, his contentions regarding his trial counsel's handling of issues involving pre-indictment delay and the government's confidential informant cannot be resolved on the record before us. These claims must be presented through a habeas petition under 28 U.S.C. § 2255, and we therefore discuss them no further.
 
 II
 
 5
 Tucker contends that the district court abused its discretion in permitting the jury to hear various telephone conversations tape recorded by an undercover agent, arguing that a proper foundation for their admission into evidence was not laid. Tucker has not, however, preserved this claim for review--at trial he objected to the admission of the tapes only on grounds of relevance. Thus, we will not take cognizance of any error in this connection unless it rises to the level of plain error. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.1990), cert. denied, 111 S.Ct. 363 (1991). A plain error is one that, left uncorrected, would result in a miscarriage of justice, or would undermine the integrity of the judicial process. United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 6
 We see no such error here. The only argument Tucker advances in support of his position is that "the government did not show that the tapes were authenticated at or near the time they were recorded." [Blue Brief at 17-18]. This court has never recognized any such inflexible requirement, and, indeed, has expressly declined to follow the only authority Tucker cites. See United States v. King, 587 F.2d 956, 960-61 (9th Cir.1978) (declining to follow United States v. McMillian, 508 F.2d 101, 104-05 (8th Cir.1974), cert. denied, 421 U.S. 916 (1975)). The undercover agent testified at trial as to the circumstances under which the conversations were recorded, and the authenticity of the tape introduced into evidence. This testimony was adequate to establish the necessary foundation for admission.
 
 III
 
 7
 Finally, Tucker argues that the trial court erred in failing to depart downward when sentencing him under the Guidelines. A discretionary refusal to depart from the applicable Guidelines range is unreviewable on appeal. United States v. Morales, 961 F.2d 1428, 1431 (9th Cir.1992). If, however, a trial court refuses to depart because it believes it lacks authority to do so, the correctness of that belief presents a question of law subject to de novo determination by this court. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). Still, even if the district court mistakenly concludes that it lacks discretion to depart, remand is necessary only if the court indicated that it would have departed if it had had the authority to do so. United States v. Belden, 957 F.2d 671, 677 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 8
 At Tucker's sentencing hearing, the district court stated as follows: "I recognize that for sentencing purposes cocaine base has been classified as a very high sentencing crime. It's not up to me to say that it's disproportionately high, but it's very high. I mean so high that I think in each of these cases it's sufficient to sentence at the minimum. After all, we're talking in terms of 17, 18, 19 years" (emphasis supplied). Tucker suggests that the emphasized language "makes it clear that if [the judge] had any notion he could make a downward departure, he would have done so in Appellant's case." We do not agree. The district court's observation is properly understood as a recognition of the necessity of judicial deference to the will of Congress as manifest in the Sentencing Guidelines, not as an expression of belief as to the extent of its own discretionary authority under those Guidelines. Moreover, these statements reveal nothing whatsoever about the court's belief as to the propriety of a departure in Tucker's case.
 
 
 9
 We see nothing here to indicate that the court was inclined to depart downward but believed it was not permitted to do so. Indeed, the district court had no occasion to consider whether it could or should depart from the applicable Guidelines range, since Tucker never requested a downward departure, asking only that he be sentenced to the bottom of the applicable sentencing range.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Tucker initially appears to argue that the law of the case does not control his pre-indictment delay claim. However, he later acknowledges, consistent with our holding in Wilborn, that "the issue of pre-indictment delay [is] waived on appeal because it was not raised in the court below...."
 
 
 [2]
 The government suggests that this claim, too, is controlled by the law of the case as announced in Wilborn. Tucker, however, had different counsel from Wilborn, and alleges different grounds in support of his charge of ineffectiveness. We must therefore address Tucker's claim on its own terms