**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Melvin Frank SCHAFF, Defendant–**
**Appellant.**

**No. 89–30345.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1991.

Memorandum Aug. 14, 1991.

Opinion and Order Oct. 24, 1991.

---

502

Phillip M. Margolin, Portland, Or., for defendant-appellant.

Mark R. Bailey, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before GOODWIN, ALARCON and HALL, Circuit Judges.

## ORDER

The request for publication dated September 9, 1991, is granted.

The memorandum disposition filed August 14, 1991, is hereby designated as an opinion for publication purposes.

## OPINION

ALARCON, Circuit Judge:

Melvin Frank Schaff appeals from the judgment of conviction following a jury trial. Schaff was found guilty of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine in vio-

lation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Schaff seeks reversal on the following grounds:

One. The district court erred in denying his mid-trial motion to discharge his retained attorney and proceed pro se.

Two. The district court erred in denying his motion to substitute counsel on the seventh day of trial.

Three. A hearsay declaration was improperly admitted into evidence.

Four. A ledger purportedly reflecting narcotics transactions was improperly admitted into evidence without the Government having established its relevance.

Five. The district court erroneously instructed the jury as to the elements of the charges against him and submitted a faulty special verdict form to the jury.

We disagree with Schaff's contentions and affirm.

## 1. *Untimely Request to Proceed Pro Se*

Schaff asserts that the court erred in denying his motions to represent himself and to substitute counsel. These contentions will be analyzed under separate headings.

Schaff's trial began on Tuesday, June 13, 1989. Testimony was heard by the jury from the 14th to the 16th day of June. On Monday June 19, 1989, Schaff filed a motion in propria persona entitled "NOTICE OF TERMINATION AND TERMINATION OF COUNSEL OF RECORD" in which he requested that the court release Mr. Des Connall as Schaff's counsel of record. Schaff also requested that he be permitted to represent himself. After a hearing on Schaff's request to proceed in pro se, the district court denied his motion.

It is well established in this circuit that in order to invoke the sixth amendment right to self representation, the request must be: (1) knowing and intelligent, (2) unequivocal, (3) timely, and (4) not for purposes of delay. *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir.1990); *Adams v. Carroll*, 875 F.2d 1441, 1442 (9th Cir.1989); *United States v. Smith*, 780 F.2d 810, 811 (9th Cir.1986); *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir.1985), *cert. denied*, 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986).

"This court has held that a demand for self-representation is timely if made before meaningful trial proceedings have begun. This court has also found that a request is timely if made prior to jury selection, or if made before the jury is impaneled, unless it is made for the purpose of delay." *Smith*, 780 F.2d at 811 (citations omitted). It is uncontested in this matter that Schaff first attempted to invoke his right to self representation three days *after* the jury was impaneled, and after the jury had already heard extensive testimony. Schaff's failure to make a timely assertion of his constitutional right to self representation acted as a waiver of this right. *Jackson*, 921 F.2d at 888. The district court did not err in denying Schaff's untimely motion to proceed in pro se.

## 2. *Request to Substitute Counsel*

Schaff asserts that the district court abused its discretion in refusing to allow him to substitute counsel on the seventh day of his trial. In denying this motion, the district court ruled that it was untimely and would result in delay. The district court also found that granting the motion immediately prior to closing argument would be prejudicial to Schaff's right to effective representation.

"We review the district court's refusal to substitute counsel for abuse of discretion." *United States v. Walker*, 915 F.2d 480, 482 (9th Cir.1990) (citing, *United States v. Rogers*, 769 F.2d 1418, 1423 (9th Cir.1985)). "In reviewing a lower court's denial of substitution we evaluate three factors: the timeliness of the motion, the adequacy of the lower court's inquiry in the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir.), *cert denied*, —— U.S. ——, 111 S.Ct. 2809, 115 L.Ed.2d 982 (1991)

(citing, *United States v. Gonzales*, 800 F.2d 895, 898 (9th Cir.1986)).

On the fifth day of trial, Schaff attempted to discharge his attorney and stated he intended to obtain substitute counsel. At that time the district court stated: "If you wish to replace him [Connall] and I'm satisfied that an attorney can step in and represent you in mid-trial without any postponement or delay, that might happen." After denying Schaff's motion to proceed pro se, the court directed that Connall continue his representation of Schaff.

The following morning on Tuesday, June 20th, the court asked Schaff if he had retained new counsel. Schaff replied: "I talked to the man briefly last night on the telephone. He is supposed to let me know around noon today what his plans are."

The next morning, Neil Halprin, a Montana attorney, appeared before the court and explained that he had originally been contacted by Schaff to handle any possible appeal. Schaff made a motion for Halprin to be substituted as his counsel for the remainder of the trial. The court inquired of Halprin whether he understood that the trial had been going on for approximately two weeks, and that both sides were prepared to complete the presentation of evidence that day. Halprin acknowledged that he was unaware of any case in which counsel had been substituted so late in the proceedings. He also informed the court as follows: "I'm not entirely sure that notwithstanding my best efforts, that any effort I would make to take over for counsel might itself produce prejudice for my client." Halprin further stated: "I would be willing ... to speak on his behalf in closing argument, but again I'm not certain that my doing so would ultimately be useful to my client."

In response to questions by the court, Halprin stated that he had not had the opportunity to review the motions previously filed in the case, was unaware of the testimony adduced at trial, and had not had the opportunity to review the discovery materials. Halprin also informed the court that transcripts of the trial proceedings had not yet been prepared.

We have previously held that a motion to substitute counsel six days *before* trial was untimely. *Garcia*, 924 F.2d at 926. We observed in *Garcia* that this court has "consistently held that a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." *Id.* (citing, *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986)). Substitution of Halprin for Connall on the last day of trial would have required the court to continue the trial to avoid obvious prejudice to Schaff.

Schaff argues that the "court violated defendant's constitutionally guaranteed right to effective assistance of counsel when it insisted he continue with Mr. Connall in a situation where there was 'conflict between defendant and his counsel ... so great that it resulted in a total lack of communication preventing an adequate defense.'" Appellant's Opening Brief at 33 (quoting *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986)).

The district court determined that the substance of Schaff's complaint appeared to be Connall's vigorous recommendation that Schaff take the plea bargain offered by the Government, as had six of his co-defendants. The court also stated that Schaff appeared to have been upset and frustrated by counsel's explanation of the operation of the sentencing guidelines.

In *United States v. Rogers*, 769 F.2d 1418 (9th Cir.1985), the appellant voiced a similar concern. "Rogers' second complaint was that the attorney advised him to plead guilty on three counts whereas Rogers proclaimed his innocence on all five counts." *Id.* at 1424. We noted "counsel may advise a defendant to plead guilty 'if that advice falls within the range of reasonable competence under the circumstances' and a pessimistic prognosis by counsel is not a ground for change of counsel." *Id.* (quoting, *United States v. Cronic*, 466 U.S. 648, 656–57 n. 19, 104 S.Ct. 2039, 2045–46 n. 19, 80 L.Ed.2d 657 (1984)) (citations omitted).

505

While it is clear from the record that the relationship between Schaff and Connall was disturbed after Schaff attempted to fire Connall mid-trial, there is no sixth amendment right to a "meaningful relationship" between an accused and counsel. *Morris v. Slappy*, 461 U.S. 1, 14, 103 S.Ct. 1610, 1617–18, 75 L.Ed.2d 610 (1983). Schaff has not established on this record that there was "a total lack of communication" which "prevented an adequate defense" as required to establish abuse of discretion. *Compare, United States v. Walker*, 915 F.2d 480, 483–84 (9th Cir.1990) (evidence showed defendant refused to speak with counsel concerning case preparation resulting in inadequate defense). To the contrary, the record reflects that Schaff and counsel conferred and communicated immediately after Connall's final motion to withdraw. The record does not support Schaff's claim that there was a total lack of communication between client and counsel in this direct appeal. The district court did not abuse its discretion in denying Schaff's untimely motion for a substitution of counsel.

### 3. *Admission of Hearsay Testimony*

Schaff asserts that the trial court erred in admitting his sister's extrajudicial statement into evidence. The Government responds that the statement was properly admitted under Fed.R.Evid. 801(d)(2)(B). Under Rule 801(d)(2)(B), a statement is not hearsay if "[t]he statement is offered against a party and is ... a statement of which the party has manifested an adoption or belief in its truth." "We review a district court's ruling to admit evidence over a hearsay objection for abuse of discretion." *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir.), *cert. denied*, 488 U.S. 890, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988) (citations omitted).

During a search of Schaff's residence, law enforcement officers discovered a spiral notebook containing suspicious entries. Prior to the discovery of the notebook, Schaff made statements to the officers concerning his drug trafficking activities.

Schaff identified the contents of the notebook as a record of automobile sales. Schaff first claimed not to know who made the entries. He later stated that his sister made them.

The officers brought Schaff's sister into the kitchen where he was seated. Schaff's sister stated she prepared the entries at his direction. She stated she did not know what they represented. Schaff remained silent during his sister's conversation with the officers.

 Silence in response to the statement of another is an adoptive admission under Rule 801(d)(2)(B) if the district court makes a determination that, under the circumstances, an innocent defendant normally would respond to the statement. *United States v. Moore*, 522 F.2d 1068, 1075 (9th Cir.1975), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976) (citing *Arpan v. United States*, 260 F.2d 649, 655–57 (8th Cir.1958)). When a defendant is in custody and does not respond to a statement, that statement and the defendant's silence may not be used as evidence of the defendant's assent. *Doyle v. Ohio*, 426 U.S. 610, 617–18, 96 S.Ct. 2240, 2244–45, 49 L.Ed.2d 91 (1976).

 Schaff concedes that he "was not in custody as that term is used in *Miranda*." Appellant's Reply Brief at 6. Under these circumstances, the district court did not abuse its discretion in admitting the extrajudicial statements under the adoptive admission exception to the hearsay rule.

### 4. *Admission of the Ledger into Evidence*

The court received into evidence one of the notebooks seized by the officers. Schaff argues that the district court should not have admitted the ledger into evidence because the prosecution had not demonstrated the ledger's relevance. Evidence is relevant if it has any tendency to make the existence of any material fact more probable or less probable. Fed.R.Evid. 401. Only relevant evidence is admissible in court. Fed.R.Evid. 402. The district court's determination of relevance is reviewed for abuse of discretion. *United*

*States v. Kessi,* 868 F.2d 1097, 1107 (9th Cir.1989).

The Government argued to the district court that the entries in the ledger were consistent with records of drug sales. Schaff asserted that the ledgers contained records of automobile sales. Special Agent J. Richard Palmer of the Federal Bureau of Investigation testified that the ledgers contained figures that corresponded to the known prices of quantities of cocaine. He further testified that the figures in the ledger were repeatedly added and subtracted in a manner inconsistent with the sales of automobiles.

■■■■ The Government subsequently attempted to recall Sergeant Edward May of the Portland Police Bureau as an expert witness to testify that the ledger contained records of drug transactions. Counsel for Schaff countered that the jury had already heard testimony from Special Agent Palmer that the notebook was a ledger of narcotics transactions, and therefore additional testimony was unnecessary to establish relevance. The district court was persuaded by this argument, and did not allow May to testify. Schaff argues on appeal that there was no testimony linking the contents of the ledger to drug activities, and, therefore, the ledger should not have been admitted into evidence.

The failure, if any, of the Government to lay a proper foundation for the admission of the ledgers was invited by defense counsel's insistence that no additional testimony was required to establish admissibility. Under the invited-error doctrine, an error that is caused by the actions of the complaining party will cause reversal "only in the most 'exceptional situation.'" *Guam v. Alvarez,* 763 F.2d 1036, 1038 (9th Cir. 1985) (citing *Marshall v. United States,* 409 F.2d 925, 927 (9th Cir.1969)). Schaff has failed to demonstrate that reversal is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice. *Id.* at 1038.

5. *Jury Instruction and Verdict Form*

■■■ Schaff asserts that the district court erred in formulating the jury instruc-

tions and special verdict form regarding the quantity of cocaine. These contentions are without merit.

We considered and upheld the jury instruction in controversy in an appeal by Schaff's co-defendants in a memorandum decision in *United States v. Forcelledo,* 919 F.2d 146 (9th Cir.1990). The Government asserts that the court's decision in *Forcelledo* represents the law of the case as to the issues raised in common between the defendants. While Schaff states that he "disagrees with the contention of the government that the decision of the other panel controls the panel to which this case is assigned," he provides no support for his argument.

"The doctrine of law of the case concerns the continued application of a rule of law previously determined in the same case." *United States v. Maybusher,* 735 F.2d 366, 370 (9th Cir.1984). It precludes a court from re-examining issues previously decided by the same court. *Id.* We have previously found the law of the case doctrine to be applicable when the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial. *United States v. Tierney,* 448 F.2d 37, 39 (9th Cir.1971) (law of case established on appeal by first defendant applied to suppression issue raised in separate appeal by co-defendant).

In the matter before us, Elias Forcelledo and Schaff were co-defendants and convicted at the same trial. The excerpt of the record quoted in Schaff's brief demonstrates that Forcelledo's attorney, Mr. Brian Conroy, objected to the district court's proposed jury instruction as it pertained to the issue of whether the quantity of cocaine charged was as an element of the offense. Schaff's attorney joined in Forcelledo's objection but raised no additional arguments. The law of the case established in *Forcelledo* is that the challenged jury instructions were not in error.

Schaff's challenge to the special verdict form relied entirely on this court's decision in *United States v. Sotelo–Rivera,* 906 F.2d 1324 (9th Cir.1990). As properly not-

ed by Schaff's counsel at oral argument, the opinion in *Sotelo–Rivera,* was subsequently withdrawn, and a modified opinion filed on May 1, 1991. *United States v. Sotelo–Rivera,* 931 F.2d 1317 (9th Cir. 1991). As a result, that portion of *Sotelo–Rivera* relied upon by Schaff is no longer the law of this circuit.

AFFIRMED.