967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
German GARCIA, Defendant-Appellant.
 No. 88-5452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided June 10, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 German Garcia appeals his conviction for conspiracy to possess, aid and abet the possession and distribution of cocaine, in violation of 21 U.S.C. § 846, and for evasion of currency reporting requirements, in violation of 31 U.S.C. § 5324(3). Garcia claims he was denied his rights to compulsory process and due process of law when the Attorney General allowed a potential witness who was an illegal alien to voluntarily depart the country. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We previously considered the same issue in the appeal of Garcia's co-defendant. United States v. Castro-Ontiveros, No. 88-5415, mem. op. (9th Cir. Jan. 29, 1991), reported at 924 F.2d 1063 (9th Cir.1991). Garcia and Castro-Ontiveros were convicted at the same trial. CR 145, GER at 119. The law of the case doctrine applies. United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991).
 
 
 4
 In Castro-Ontiveros, we upheld Castro-Ontiveros' conviction because we concluded that he did not make a plausible showing that Gabriel Garcia Ceballos, the departed illegal alien, would have provided material and favorable testimony. Castro-Ontiveros, No. 88-5415, at 6. We declined to decide our standard of review in assessing Ceballos' testimony because, even under the more favorable de novo standard, Castro-Ontiveros did not make a plausible showing that Ceballos' testimony would aid him. Id. Accordingly, we consider de novo whether Garcia has made a plausible showing that Ceballos would have provided material and favorable testimony.
 
 II
 
 5
 Garcia claims that Ceballos would have given the following testimony material and favorable to Garcia's case:
 
 
 6
 (1) that Garcia was not a party to an ongoing criminal conspiracy with Castro-Ontiveros;
 
 
 7
 (2) that Garcia and Castro-Ontiveros had no drug-related meetings at Garcia's home, 8641 Cypress Avenue, prior to May 29, 1987;
 
 
 8
 (3) that Garcia did not have dominion and control over the cocaine stored in his garage;
 
 
 9
 (4) that Garcia had no knowledge of Castro-Ontiveros' activities;
 
 
 10
 (5) that Garcia never entered the garage where drugs were stored at the same time as Castro-Ontiveros;
 
 
 11
 (6) that Ceballos never heard anybody discuss drug-related activity;
 
 
 12
 (7) that Ceballos overheard the May 14, 1987 meeting at which Garcia leased the garage;
 
 
 13
 (8) that Garcia told Ceballos that Castro-Ontiveros had permission to access the garage;
 
 
 14
 (9) that Castro-Ontiveros put the fiberboard in which the cocaine was stored into the garage;
 
 
 15
 (10) that Castro-Ontiveros put cement sacks into the garage.
 
 
 16
 See Garcia's Brief at 10-14.
 
 
 17
 The government interviewed Ceballos and intended to use him as a witness. In sworn declarations Roel Campos, Assistant United States Attorney, and Jesse Ibarra, Special Agent United States Customs Service, recounted what Ceballos told them in his interview:
 
 
 18
 (1) that he wished to cooperate with the government;
 
 
 19
 (2) that Garcia and another individual completed building the garage where the cocaine was stored 10 to 14 days before Garcia was arrested;
 
 
 20
 (3) that a man had used a forklift to load items into the garage one week before Garcia was arrested;
 
 
 21
 (4) that Garcia entered and exited the garage where the cocaine was stored up to his arrest on May 29, 1987;
 
 
 22
 (5) that Garcia gave Ceballos the small bag of cocaine found in Ceballos' trailer;
 
 
 23
 (6) that Ceballos had used some of the cocaine Garcia gave him;
 
 
 24
 (7) that Castro-Ontiveros instructed Ceballos and Garcia's children to leave the vicinity when he arrived in the motorhome used to transport the cocaine;
 
 
 25
 (8) that Ceballos saw Castro-Ontiveros placing gunny sacks into the motorhome using a blue wheelbarrow.
 
 
 26
 GER 32-36.
 
 
 27
 Ceballos' anticipated testimony does not aid Garcia with respect to the conviction for evasion of currency reporting requirements. Ceballos cannot testify as to Garcia's knowledge. Ceballos is an admitted drug abuser, whose source was Garcia. Although some aspects of the testimony that Garcia claims Ceballos would give tend to exculpate Garcia, such testimony would either conflict with that of the surveiling agents or be subject to impeachment by prior inconsistent statements. See Fed.R.Evid. 801(c) (statements not offered for truth of matter asserted). Garcia has not made a plausible showing that Ceballos would have given material and favorable exculpatory testimony. United States v. Valenzuela-Bernal, 458 U.S. 858, 873 (1982); United States v. Nesbitt, 852 F.2d 1502, 1519 (7th Cir.1988). Garcia does not challenge the sufficiency of the evidence.
 
 III
 
 28
 The district court's judgment of conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3