967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis NAVARRO-RAMIREZ, Defendant-Appellant.
 No. 91-30311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided June 25, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Jose Luis Navarro-Ramirez appeals his conviction of illegal reentry into the United States after a felony conviction. 8 U.S.C. § 1326(b) (1988). On the evening of February 26, 1991, the INS and the Seattle Police Department conducted a joint narcotics operation at Second and Pike. An undercover officer made a purchase from Arturo Solis-Cervante. The police observed Solis-Cervante approach Navarro-Ramirez, and the two men "apparently exchange[d] some money." Instead of leaving and going about some legitimate business, Navarro-Ramirez stayed within 15 feet of Solis-Cervante. The narcotics officers were familiar with a modus operandi by narcotics dealers in that area, of using two people, one to sell the drugs, and the other to hold the money, so that if the narcotics dispenser is arrested, the money may avoid seizure, and the marked money will not be found in possession of the narcotics dispenser.
 
 
 3
 The police approached both men. Solis-Cervante resisted arrest, and Navarro-Ramirez stayed close to him while he struggled with the police. INS Agent Smalley approached Navarro-Ramirez, and questioned him in Spanish about his citizenship. Navarro-Ramirez admitted he had no immigration papers. Navarro-Ramirez was taken to a Seattle police station where another officer happened to notice him, and told Smalley that the defendant had an outstanding alien file under the alias Sol Barrasa. Smalley obtained this Barassa file and presented Navarro-Ramirez with a written waiver in Spanish of his Miranda rights, and a written waiver of his rights in a deportation hearing. Navarro-Ramirez signed both waivers, and confessed to having entered this country illegally.
 
 
 4
 Navarro-Ramirez now challenges his conviction on the basis that the government lacked probable cause to arrest him because the only evidence of the illegality of his presence at the time of his arrest were the statements he made to Smalley before he had been provided with his Miranda rights. However, at the time of the initial questioning, the government had probable cause to arrest Navarro-Ramirez for sale of narcotics with Solis-Cervante. He was in custody and not free to go, prior to his admission, as his Miranda argument necessarily concedes, but the custody was based on probable cause to believe that he had participated in the narcotics sale with Solis-Cervante, not the immigration violation. The admission evidently led the arresting officer to say to Navarro-Ramirez that he was being arrested for an immigration violation instead of a drug violation, but he had already been arrested for a drug violation prior to the admission or statement of the reason for the arrest.
 
 
 5
 The statements made by Navarro-Ramirez at the time of his arrest and before his Miranda rights were not relevant to establish probable cause for arrest. He had already been arrested. Nor were Navarro-Ramirez's post-arrest, pre-Miranda warning admissions used at trial. Since the admissions were not used against him, they present no Miranda concerns.
 
 
 6
 Because the government had probable cause to arrest Navarro-Ramirez for drug trafficking, the defendant's "fruits of an illegal arrest" argument also fails. The fact that these "fruits" related to a different crime than the offense for which government had probable cause to arrest him is irrelevant. The identification of Navarro-Ramirez at the station house and the subsequent discovery of his alien file were independent events that had at most a "but for" connection with his arrest. See United States v. Johns, 891 F.2d 243, 245 (9th Cir.1989). It was a matter of chance that after his arrest, Navarro-Ramirez was spotted by an officer who happened to recollect him and the Sol Barrasa file.
 
 
 7
 Navarro-Ramirez's station house confession was also admissible. His claim that the two waiver forms, with different information regarding whether the legal assistance to which he was entitled would be provided for free if he could not afford to pay, so confused him to make it impossible for him to waive his Miranda rights knowingly or intelligently, is too speculative. Even if the combination of forms were confusing, we could not speculate that although he he waived all his rights without regard to whether the government would pay for an attorney, he might not have done so had the advice been in some different form.
 
 
 8
 Finally, Navarro-Ramirez argues that the government failed to prove an essential element of 8 U.S.C. § 1326(b) as required by In re Winship, 397 U.S. 358, 364 (1970). It was, however, Navarro-Ramirez who asked the district court to strike the evidence of his previous convictions in a pretrial motion because he argued that it was not an element of the crime. Therefore, the lack of proof at trial was at most invited error, and this court reverses invited error only in exceptional circumstances. United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). Such circumstances do not exist here.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3