2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David NICOL, Defendant-Appellant.
 No. 92-50401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 12, 1993.
 
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant David Nicol was arrested in a sting operation run by the Drug Enforcement Agency ("DEA"), and he was convicted for possession with intent to distribute cocaine, and conspiracy to do the same, see 28 U.S.C. Secs. 841(a)(1), 846 (1988). Nicol appeals his convictions on four grounds--improper denial of motion to substitute counsel and continue trial, ineffective assistance of counsel, improper denial of motion for new trial, and improper enhancement of his sentence based on a prior narcotics conviction. Because all four grounds lack merit, we affirm the district court's conviction and sentence.
 
 
 3
 * Four days before trial, Nicol requested a substitution of his appointed counsel on the grounds that there was a failure of communication between them and that counsel was unprepared for trial. On the day of trial, the district court ruled that it would permit a substitution but would not continue the trial. By refusing to continue the trial, the court in practical effect denied the motion to substitute. We review for an abuse of discretion. See United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991).
 
 
 4
 In our analysis, we consult three factors: first, whether the motion was timely; second, whether the district court's inquiry into the reasons for the motion was adequate; third, whether the conflict between defendant and his counsel was so severe as to prevent an adequate defense. See United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985). Defendant must also show actual prejudice from the denial. United States v. Wagner, 834 F.2d 1474, 1480 (9th Cir.1987) (citations omitted).
 
 
 5
 First, Nicol gives no reason or explanation why the motion was untimely filed, just four days before trial. Moreover, the trial date had already been continued once from November 12, 1991 to January 7, 1992. Second, the court conducted an adequate inquiry into the nature of Nicol's complaints about his appointed counsel. See S.E.R. at 6-8. The record shows that the district court listened to both defendant and his counsel before making its ruling. Nicol complained in particular that he was not played video or audio tapes made by the DEA during the undercover operation. The appointed counsel, which the court found credible, see S.E.R. at 9-10, replied that he had conversed over 16.5 hours with the defendant on the case and that he had discussed with the defendant the contents of the video and audio tape evidence.[1] Third, the conflict between Nicol and counsel did not result in a total lack of communication. His performance as defense counsel, which is discussed below in Part II, attests to this fact.
 
 
 6
 For the above reasons, the district court did not abuse its discretion in denying the motion to substitute counsel and continue the trial.
 
 II
 
 7
 Nicol asserts that he received ineffective assistance of counsel. He bases his claim primarily on the fact that his attorney did not show him video or audio tapes made by the DEA during the undercover operation. We review the ineffective assistance claim, which requires an application of legal standards to historical fact, de novo. See United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).[2]
 
 
 8
 The Supreme Court has established a difficult standard for showing ineffective assistance of counsel. First, Nicol must demonstrate that counsel's actions were "outside the wide range of professionally competent assistance," and second, he must show that he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 9
 Counsel's decision not to show video and audio tapes to the defendant was not beyond the reasonable range of lawyerly competence. As to the five videotapes, counsel testified that only two were relevant to Nicol, and that he discussed their contents with Nicol. See S.E.R. at 8. As for the audiotapes, counsel stated to the district court that he had listened to them many times and had informed Nicol of their relevance to the defense. In any case, an ineffective assistance claim is not judged by focussing on any one particular act or omission. Instead, this claim is evaluated in light of counsel's total performance. See Kimmelman v. Morrison, 477 U.S. 365, 386 (1986). In this vein, we note that counsel conducted a substantial defense, filing a motion for severance, filing a motion in limine, cross-examining vigorously prosecution witnesses, and objecting to various proposed jury instructions. In light of the entire record, we find no evidence that counsel stood outside the wide range of acceptable advocacy. Furthermore, Nicol has not shown prejudice. Counsel's failures, if any, were not so gross as to undermine confidence in the final outcome. See Strickland, 466 U.S. at 694.
 
 III
 
 10
 Nicol next argues that the district court erred in not granting his motion for new trial. In his motion, Nicol claimed that the district court erroneously answered a question raised by the jury during deliberation. On appeal, Nicol adds two more arguments why he should have been granted a new trial--that he could not substitute counsel and that, pursuant to Fed.R.Crim.P. 43, he should have been present when the district court answered the jury's question.
 
 
 11
 During deliberations, the jury asked to hear again "any witness testimony describing how the December 7, 1989 meeting ... was arranged." E.R. at 91A. The district court instructed prosecution and defense counsel to locate the relevant portions of the record, but counsel could not come to agreement on the answer. See S.E.R. at 481-86. In its response to the jury's request, the court responded: "After a cursory review of the reporter notes, we cannot locate any specific testimony regarding how the 12-7-89 meeting was arranged. However, there is extensive testimony regarding each meeting, please refer to your own notes. Please continue to deliberate." E.R. at 91(b). Nicol claims that this response was incorrect because specific testimony did exist regarding the December 7 meeting. See S.E.R. 164.
 
 
 12
 The brief testimony that Nicol refers to runs only about ten lines in the transcript and says very little about how the meeting was arranged. At any rate, the court's answer, if in anyway misleading, was surely harmless. Cf. United States v. Silverstein, 732 F.2d 1338, 1348 (7th Cir.1984) (finding harmless error on similar facts), cert. denied, 469 U.S. 1111 (1985).
 
 
 13
 We review Nicol's new grounds for challenging the district court's denial of his new trial motion only for plain error because Nicol failed to make these objections at the time of the motion. See United States v. Marsh, 894 F.2d 1035, 1039 (9th Cir.), cert. denied, 493 U.S. 1083 (1990). His argument regarding substitution of counsel parrots the arguments that we rejected in Part I.
 
 
 14
 Nicol's other argument based on Fed.R.Crim.P. 43[3] lacks merit as well. First, Nicol cites no authority that the time when the court and counsel conferred about the jury's question constituted a "stage of the trial" within the meaning of Rule 43 at which the defendant, and not just his counsel, had to be present. Second, even if this was error, Nicol has shown no prejudice arising from the fact that only the counsel and not the defendant also was present in discussing this tangential matter. Thus, the district court's denial of the motion for new trial was not an abuse of discretion.
 
 IV
 
 15
 Finally, Nicol claims that the district court erred in enhancing his sentence pursuant to 21 U.S.C. Secs. 841(a)(1), 851 (1988).[4] In 1982, Nicol pled guilty to a violation of California Health and Safety Code Sec. 11352, a felony. Three years later, he moved under California Penal Code Sec. 1203.4 to set aside his conviction, and his motion was granted. Nicol challenges the sentence enhancement because he asserts that, pursuant to the Sec. 1203.4 motion, his felony conviction was either reduced to a misdemeanor or was set aside.
 
 
 16
 The language of Sec. 1203.4 expressly refutes Nicol's claim. First, nowhere does Sec. 1203.4 allow a felony to be reduced to a misdemeanor. It merely allows convictions to be set aside after successful completion of probation. But, the statute states that even when relief is granted under this section, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Thus under California law, even if a conviction is set aside pursuant to Sec. 1203.4, it may continue to be used for sentence enhancement purposes.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Counsel's explanation suggests that Nicol was displeased with counsel not because Nicol could not reach him but because Nicol did not like counsel's legal advice. See S.E.R. at 10 ("I have rendered certain opinions to him and he does not agree, and that is why he wants other counsel. There is a conflict between he and I [sic] as to how this case should be handled.") (statement of counsel)
 
 
 [2]
 Although ineffective assistance claims are better raised in habeas corpus proceedings, see United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992), we find the record sufficiently complete to find the claim meritless
 
 
 [3]
 Fed.R.Crim.P. 43(a) states "The defendant shall be present at ... every stage of the trial including the impaneling of the jury and the return of the verdict...."
 
 
 [4]
 When Nicol committed his crimes, Section 841 permitted sentence enhancement "if any person commits such a violation after one or more prior convictions for an offense punishable under ... other law of a State ... relating to narcotic drugs...." 21 U.S.C.A. Sec. 841 (Supp.1993) (historical and statutory notes, 1988 Amendment)