15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis VALENCIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio GAMEZ, Defendant-Appellant.
 Nos. 91-50436, 91-50662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Luis Valencia appeals his conviction and 60-month sentence, following a guilty plea, for possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1), and Jose Antonio Gamez appeals his conviction and 78-month sentence, also following a guilty plea, for conspiring to possess and distribute heroin in violation of 21 U.S.C. Sec. 846. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Gamez's counsel submitted a brief stating that he finds no meritorious issues for review. Counsel also filed a motion to withdraw as counsel of record. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issues for review.[1]
 
 
 4
 Counsel for Valencia also submitted an Anders brief identifying one possible issue for review: whether the district court erred by denying Valencia's request for substitution of counsel. Counsel also filed a motion to withdraw as counsel of record. Valencia filed a supplemental brief raising an additional issue: whether Valencia's sentence violates his equal protection and due process rights because another codefendant convicted in state court received a lower sentence than Valencia.
 
 
 5
 We review for abuse of discretion the district court's denial of a request to substitute counsel. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). We consider three factors in this determination: (1) the timeliness of the request; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the conflict between defendant and counsel was so severe as to prevent an adequate defense. United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993). The defendant must also show actual prejudice from the denial. United States v. Wagner, 834 F.2d 1474, 1480 (9th Cir.1987).
 
 
 6
 Having reviewed the transcript of the hearing on Valencia's request to substitute counsel, we are satisfied that the district court did not abuse its discretion by denying that request. First, Valencia's request came only eight days before trial. Second, the district court conducted an adequate inquiry into Valencia's complaints about his appointed counsel. The court thoroughly questioned Valencia regarding these complaints and considered counsel's responses. Third, the statements of Valencia and his counsel clearly indicate that the alleged conflict was not so severe as to prevent an adequate defense. See Castro, 972 F.2d at 1109. Valencia also has failed to make any showing of actual prejudice resulting from the district court's denial of his request. See Wagner, 834 F.2d at 1480.
 
 
 7
 Finally, because Valencia's challenge to his sentence is based solely on the disparity between his sentence and the sentence given his codefendant who was tried in state court, Valencia's challenge must fail. See United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990) (valid challenge to sentence must include showing that sentence was the result of incorrect or inadmissible evidence, or an incorrect application of the Sentencing Guidelines).
 
 
 8
 Both Valencia's and Gamez's counsels' motions to withdraw are GRANTED, and both convictions and sentences are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gamez's "Motion to Appeal In Forma Pauperis, for Appointment of Counsel, and Preparation of Court Reporter's Transcript at Government Expense" is denied