26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo Lopez ROJAS, Petitioner-Appellant,
v.
John M. RATELLE, Warden; Daniel E. Lungren, Respondents-Appellees.
 No. 93-55455.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided June 9, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arturo Lopez Rojas appeals pro se from the district court's denial of his petition for writ of habeas corpus, arguing that he was entitled to federal habeas relief because his Sixth Amendment rights were violated when the state trial court refused to permit him to represent himself, and because his trial counsel provided ineffective assistance. We reject these contentions and affirm.
 
 
 3
 In order properly to invoke his Sixth Amendment right to represent himself, Rojas had to assert the right in a timely manner. See United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). "[A] demand for self-representation is timely if made before meaningful trial proceedings have begun [, i.e.,] ... prior to jury selection, or ... before the jury is impaneled[.]" Id. at 503 (quotation omitted). An otherwise timely motion will fail, however, if "it is made for the purpose of delay." Id.
 
 
 4
 A public defender initially represented Rojas, handling his arraignment and two subsequent appearances. Rojas then moved to proceed without benefit of counsel, and the trial court granted the request. Three months later Rojas changed his mind and asked that counsel be appointed to represent him. The trial court granted that motion as well. Then, on the very eve of trial--and only after jury selection had begun--Rojas again asked that he be allowed to represent himself. The trial court denied the request. Following the jury's guilty verdict, Rojas renewed his motion for self-representation.
 
 
 5
 Rojas' motions for self-representation were clearly untimely and strongly suggest a desire on his part simply to delay the proceedings. In the light of the above authorities, we conclude that the district court did not err by denying habeas relief on this ground.
 
 
 6
 In order to prove that his counsel was ineffective, Rojas had to allege and show that his attorney's performance was deficient and that this deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Rojas alleges that his counsel failed (1) to withdraw, (2) to cross-examine the victim concerning the latter's criminal record, (3) to move to strike Rojas' 1958 manslaughter conviction, and (4) to argue mitigating factors at sentencing. These contentions are meritless.
 
 
 7
 With respect to the first argument, Rojas concedes that his lawyer asked permission to withdraw and the court denied the request. As for the second point, counsel's decision not to keep the victim on the witness stand any longer than necessary can be explained as a tactical decision, particularly since Rojas did not assert at trial that he acted in self-defense by stabbing the victim, but declared that he attacked the victim because the latter intervened. With respect to the third issue, Rojas himself brought the matter up in court and conceded the validity of his 1958 conviction in an unrelated 1973 criminal proceeding. As for the fourth contention, Rojas received the statutorily mandated sentence for a repeat violent offender. See Cal.Penal Code Sec. 667.7. Rojas' conclusory allegations do not rise to the level of a Sixth Amendment violation under Strickland.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3