28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean Harvey HICKS, Defendant-Appellant.
 Nos. 93-50644, 93-50645.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1994.*
Decided June 27, 1994.
 
 Before: HUG, SKOPIL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remanded this matter to the district court with instructions that it articulate reasons for the extent of its departure from the Sentencing Guidelines. United States v. Hicks, 997 F.2d 594, 599 (9th Cir.1993). In our prior decision, we upheld the basis for the court's departure and affirmed its findings of fact in support of its decision to depart upward from the guideline range. Id. at 598-99 (applying three-part test established by United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991 (en banc)). Although Hicks again challenges the basis for departure and the court's underlying factual findings, we will not again review those issues. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991) (applying law of the case doctrine).
 
 
 3
 We will, however, review Hicks' challenge to the reasonableness of the degree of departure. Lira-Barraza makes clear that a district court must determine the extent of a departure with reference to the structure and policies of the Sentencing Guidelines and the underlying Sentencing Reform Act. See Hicks, 997 F.2d at 599. The district court "must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions." Id.
 
 
 4
 Our review of the record on remand satisfies us that the district court performed these tasks. The court again based its departure on the nature and frequency of Hicks' terroristic acts and their potential destructiveness. First, the court correctly noted that U.S.S.G. Sec. 5K2.15 specifically allows departure for offenses committed in furtherance of a terroristic action. Second, the court rationalized that U.S.S.G. Sec. 2K1.4 does not adequately consider the kind or degree of massive destruction that Hicks' behavior might have caused. Finally, the court analogized to the upward adjustment sections of the Guidelines, noting that most of these sections mandate a two-level adjustment to the base offense level. The court then elected to apply a two-level increase for each of the factors it properly identified as justifying departure. We conclude that the court's reasoning and explanation for its departure fully comply with our directives on remand and the requirements established by Lira-Barraza.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this comeback case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3