113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Carnell ROBINSON, Defendant-Appellant.
 No. 96-50100.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997.
Decided May 7, 1997.
 
 1
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Marvin Carnell Robinson ("Robinson") appeals his conviction for aiding and abetting an armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Robinson argues that the district court abused its discretion when it denied his motion for substitution of counsel and limited the scope of cross-examination of a government witness. Robinson also argues that the district court committed plain error in its jury instructions. We affirm.
 
 I. Substitution of counsel
 
 4
 We review the district court's refusal to substitute counsel for abuse of discretion. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). We evaluate these factors: "the timeliness of the motion, the adequacy of the lower court's inquiry in the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." Id. (quoting United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 501 U.S. 1210 (1991)). Robinson's motion for substitution of counsel, submitted three weeks before trial, was timely.
 
 
 5
 The remaining two factors weigh against Robinson. The district court conducted an adequate hearing when it heard from Robinson, his appointed counsel, and from his retained counsel. See Garcia, 924 F.2d at 926-27 (inquiry adequate when district court held hearing and considered written declarations from the defendant and his attorney). Neither Robinson nor his appointed counsel asserted a "total lack of communication such that the defendant was unable to present an adequate defense." Schaff, 948 F.2d at 503. Instead, Robinson's appointed counsel explained that Robinson did not like public defenders. This generalized grievance does not warrant substitution of counsel. See id. at 505 ("[T]here is no sixth amendment right to a 'meaningful relationship' between an accused and counsel.") (quoting Morris v. Slappy, 461 U.S. 1, 14 (1983)). The district court did not abuse its discretion in denying Robinson's motion to substitute counsel.
 
 II. Cross-examination of teller Vaca
 
 6
 The district court abused its discretion by not permitting Robinson's counsel to refresh the memory of teller Vaca with notes from F.B.I. Agent Vu. "[T]he law is clear that recollection can be refreshed from documents made by persons other than the witness." United States v. Landof, 591 F.2d 36, 39 (1978). This error was, however, harmless. Other tellers testified that a silver or chrome gun was used in the robbery, similar in size and shape to the gun found near the abandoned Cadillac. The tellers described clothing worn by the robbers which matched that found in the abandoned car. Money from the robbery was also found in the Cadillac. Officer Page identified Robinson as the person whom he had seen with gun in hand jump from the driver's sear of the Cadillac while the car was still moving. In light of the overwhelming evidence that Robinson was involved in the bank robbery, there is no "reasonable possibility that the defense's inability to cross-examine [a government witness] ... materially affected the verdict." United States v. Jones, 766 F.2d 412, 415 (9th Cir.1985) as amended Aug. 14, 1985 (internal quotations and citation omitted).
 
 III. Jury instructions
 
 7
 Robinson challenges defects in the aiding and abetting instructions including failure to give a specific instruction that unanimity is required to find aiding and abetting. Because Robinson did not object to these aspects of the jury instructi at trial, we review for plain error. United States v. Carpent 95 F.3d 773, 775 (9th Cir.1996), cert. denied 117 S.Ct. 1094 (1997).
 
 
 8
 Robinson argues that under the district court's instructi the jury could have found him guilty of aiding and abetting, without finding an essential element of the crime of armed robbery: the use of a dangerous weapon. The district court, however, instructed the jury that before it could find Robinson guilty of aiding and abetting, it had to find that "the element of armed robbery have been established as [ ] set forth in the previous instruction." The previous instruction included all the elements of armed robbery, and the jury necessarily had to find each of these elements before convicting Robinson of aiding and abetting.
 
 
 9
 While the district court gave a general unanimity instruction, Robinson argues that a specific unanimity instruction is required for aiding and abetting. "Normally, a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." United States v. Payse 782 F.2d 832, 835 (9th Cir.1986). The Supreme Court has stated that, in evaluating whether some circumstances warrant a specific unanimity instruction, we should look both to "history and wide practice as guides to fundamental values." Schad v. Arizona, U.S. 624, 637 (1991). The history and wide practice of this circuit is that a specific unanimity instruction is not necess for aiding and abetting. See 9th Cir.Crim.Jury Instr. 5.01 (1995); cf. United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir.) as amended May 1, 1990, cert. denied, 498 U.S. 870 (1990) ("Aiding and abetting is implied in every federal indictment for a substantive offense.") The district court did not plainly err by not giving a specific unanimity instruction for aiding and abetting.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Leonard D. Wexler, Senior U.S. District Judge for the Eastern District of New York, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3