**Lazaro HERNANDEZ, Petitioner— Appellant,**

v.

**George GRIGAS, Respondent— Appellee.**

No. 04–17468.

D.C. No. CV–02–00657–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 3, 2005.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before BEEZER and KOZINSKI, Circuit Judges, and CARNEY,* District Judge.

### MEMORANDUM **

Petitioner Lazaro Hernandez appeals the district court's ruling denying his petition for a writ of habeas corpus. The record reflects that the state courts did not contravene or unreasonably apply clearly established federal law or unreasonably determine the facts in denying Petitioner's habeas claims. *See* 28 U.S.C. § 2254(d). We affirm.

1. The state courts reasonably determined that Petitioner procedurally defaulted on his claim that the trial court improperly denied him new counsel. Petitioner did not show the cause and prejudice necessary to be excused from the Nevada procedural

rule requiring Petitioner to raise his claim on direct appeal. Because this constituted an independent and adequate state procedural ground for denying Petitioner's claim, we affirm the district court's dismissal of this claim. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner's claim of ineffective assistance of appellate counsel does not provide Petitioner relief from the procedural default. Appellate counsel cannot be ineffective for failing to raise an issue that has no reasonable likelihood of success on appeal. *See Turner v. Calderon,* 281 F.3d 851, 872 (9th Cir.2002). Petitioner's claim that he was entitled to a new trial attorney would not have succeeded on appeal because he did not have the right to a trial attorney of his choice, *see United States v. Robinson,* 913 F.2d 712, 716 (9th Cir.1990), and his appointed trial attorney did nothing wrong by giving Petitioner a frank and reasonable assessment of the case against him, *see United States v. Schaff,* 948 F.2d 501, 504 (9th Cir.1991).

2. The state courts reasonably determined that the peremptory challenge of a Spanish speaking potential juror was not motivated by group bias. *See Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality) (proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause); *Fernandez v. Roe,* 286 F.3d 1073, 1077 (9th Cir.2002). The evidence in the record supports the

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

finding that the prosecutor excused the Spanish speaking potential juror not because of her race, but because of his concern that the potential juror might have difficulty accepting the official translation of trial testimony.

3. The state courts' rejection of Petitioner's claim of ineffective assistance of appellate counsel was neither contrary to, nor an unreasonable application of, *Strickland* and its progeny. *See Strickland v. Washington,* 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (reversal required only where counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by the deficient performance). Appellate counsel cannot be ineffective for failing to raise an issue that has no reasonable likelihood of success on appeal. *See Turner,* 281 F.3d at 872. For the reasons stated above, neither Petitioner's claim that the trial court improperly denied him new counsel, nor his claim that the prosecutor excused a Spanish speaking potential juror because of her race, would have succeeded on appeal.

4. The state courts' rejection of Petitioner's claim of ineffective assistance of trial counsel was neither contrary to, nor an unreasonable application of, *Strickland* and its progeny. *See Strickland,* 466 U.S. at 688, 693, 104 S.Ct. 2052. For the reasons stated above, trial counsel was not ineffective.

AFFIRMED.