MEMORANDUM*
The district court did not abuse its discretion in denying Driggers’s motion to appoint new counsel. The motion was not timely, as granting it would have required a lengthy continuance; the court conducted an adequate inquiry, as it held a hearing on the issue during Driggers’s first trial and had observed counsel’s performance at that trial; and the conflict between Driggers and his attorney did not result in a total lack of communication. United States v. George, 85 F.3d 1433, 1438-39 (9th Cir.1996).
The district court did not abuse its discretion by prohibiting Driggers from conducting his own direct examination. Drig-gers was represented by counsel, and demonstrated no “special need” for hybrid representation. United States v. Olano, 62 F.3d 1180, 1193 (9th Cir.1995). Drig-gers’s request to represent himself was neither timely nor unequivocal, so the district court did not violate Driggers’s right to proceed pro se by denying it. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991).
Finally, the district court did not abuse its discretion by restricting Driggers’s cross-examination of Robinson. The probative value to the defense of questioning Robinson about his potential sentence on an unrelated charge did not outweigh the court’s legitimate interest in protecting Robinson’s Fifth Amendment rights, and the jury had sufficient evidence to gauge Robinson’s credibility, as the district court allowed other questions about the charge. United States v. Larson, 495 F.3d 1094, 1102-03 (9th Cir.2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.