**NOT FOR PUBLICATION**

JUN 13 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10153 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00113-JAT-2 |
| v. | |
| LISA RAJAPHONE SAYAMONTRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 11, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

Lisa Sayamontry was convicted after a bench trial of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** The district court correctly denied Sayamontry's motion to suppress. The parties stipulated that probable cause existed to stop and search Sayamontry's vehicle for narcotics. The fact that the search was conducted after the conclusion of a traffic stop did not extinguish the right of law enforcement to act on that probable cause, which was independent of any justification for the traffic stop. *See Wyoming v. Houhgton*, 526 U.S. 295, 300-02 (1999) (holding that a search of an automobile and the containers within it is reasonable under the Fourth Amendment if the officers have probable cause to believe the automobile contains contraband).

**2.** Sufficient evidence supported Sayamontry's possession and conspiracy convictions. Sayamontry owned the vehicle in which the drugs were found, the drugs were found under her seat, and she was observed driving the vehicle away from an apparent drug transaction. *See United States v. Lopez*, 477 F.3d 1110, 1113 (9th Cir.

2

2007); *United States v. Martinez*, 514 F.2d 334, 338 & n.2 (9th Cir. 1975). There was also evidence of coordination between Sayamontry and her co-conspirator. *See United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997). Evidence that Sayamontry was the owner of the vehicle in which the firearm was found, was the registered owner of the firearm, and "the firearm was readily accessible during the commission of the drug crime," *Lopez*, 477 F.3d at 1115 (internal quotation marks and citation omitted), supported the firearm conviction. Sayamontry's own statements, and the inconsistencies between her statements and those of her co-conspirator, provided further evidence of guilt on all charges. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1352 (9th Cir. 1995).

**3.** The district court did not err in denying Sayamontry's motion to remove her counsel and to appoint new counsel before sentencing. The court's investigation into Sayamontry's complaints was appropriate. *See United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011). Sayamontry failed to demonstrate a "lack of communication which prevented an adequate defense." *United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991) (internal quotation marks and citation omitted). None of Sayamontry's complaints related to counsel's potential performance at sentencing, and the dialogue

between Sayamontry, counsel, and the court demonstrated that Sayamontry and counsel were communicating about matters relevant to sentencing.

**AFFIRMED.**