**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES, | No. 18-30119 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00100-JCC-2 |
| v. | |
| RANDALL FOX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 24, 2019[**]
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[***] District Judge.

Randall Fox appeals his one-count conviction for violation of the Act to

Prevent Pollution from Ships (APPS), 33 U.S.C. § 1901 et seq., and associated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

regulations. He argues on appeal that the trial court incorrectly instructed the jury on the elements of the offense and that the trial court violated the Confrontation Clause by introducing certain documents produced by the defendant's father in response to a grand jury subpoena. We have jurisdiction under 28 U.S.C. § 1291. We reject both of Fox's arguments, and we accordingly affirm his conviction.

First, we hold that any error in the district court's instructions to the jury was harmless. The trial court instructed the jury that an APPS violation involves four elements, essentially including an extra element beyond the three requested by the defense. The district court's decision to include this element could only have made it *harder* for the jury to convict Fox, because the prosecution must prove every element of a crime beyond a reasonable doubt. *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993). Likewise, because Fox's theory of the case at trial was that he did not knowingly discharge oil or an oily mixture into the sea, any confusion caused by the jury instruction referring to pollution prevention equipment was harmless.

We also hold that the law of the case doctrine did not bar this instruction, even though it differed from the corresponding instruction given at co-defendant Bingham Fox's trial. The law of the case doctrine "applies most clearly where an issue has been decided by a higher court," and otherwise "does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of*

*Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). And although this Court has previously applied the doctrine where co-defendants were tried together, *see United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991), Randall and Bingham Fox were tried separately and faced different substantive counts.

Finally, the trial court did not violate the appellant's Confrontation Clause rights by admitting some of the documents that Bingham Fox produced in response to the grand jury subpoena. These documents were not "testimonial," because they did not provide evidence of the non-existence of other documents. *See United States v. Bustamante*, 687 F.3d 1190, 1193-95 (9th Cir. 2012); *see also Melendez-Dias v. Massachusetts*, 557 U.S. 305, 309-10 (2009). Although Bingham Fox's cover letter contained a list of all the documents he produced in response to the grand jury subpoena, the letter did not state that it contained a list of all of Native Sun's receipts for oily waste disposal from the relevant time period. Therefore, the jury could not reasonably have read the receipts introduced at trial, even in conjunction with the cover letter, as evidence of the lack of other receipts. Furthermore, any Confrontation Clause error was harmless, because the purportedly testimonial portion of the cover letter was not used for any purpose at trial.

We have considered the appellant's other arguments and find them unpersuasive.

**AFFIRMED.**