94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar Yap CHANGCO, Defendant-Appellant.
 No. 94-56671.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Cesar Yap Changco appeals pro se the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his conviction for robbery of a post office, kidnapping, and carrying a firearm during a crime of violence. Changco contends that: (1) the district court abused its discretion by denying his request for a continuance in order to substitute counsel and (2) his trial counsel was ineffective for failing to challenge as pretextual the government's race neutral explanations for exercising its peremptory strikes against two minority jurors. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.[1]
 
 
 3
 Changco contends that the district court abused its discretion when on the first day of trial it denied his request to continue the proceedings for thirty days so that Changco could secure substitute counsel. We disagree.
 
 
 4
 We review a district court's denial of a request for substitution of counsel and the court's refusal to grant a continuance for abuse of discretion. United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, 507 U.S. 944 (1993). In reviewing a lower court's denial of substitution, we evaluate the timeliness of the motion, the adequacy of the court's inquiry into the matter, and whether the asserted conflict created a total lack of communication that prevented an adequate defense. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). "[A] district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." Id. at 504.
 
 
 5
 Changco has not shown that there was a lack of communication between him and his attorney that resulted in an inadequate defense. See Id. Upon inquiry by the trial court, Changco simply stated that his attorney had encouraged him to consider plea bargaining. Such a reason, however, does not warrant a change in counsel. See United States v. Rogers, 769 F.2d 1418, 1424 (1985) ("a pessimistic prognosis by counsel is not a ground for change of counsel"). Accordingly, the district court did not abuse its discretion by denying Changco's untimely motion for substitution of counsel. See Schaff, 948 F.2d at 505.
 
 
 6
 Changco contends that trial counsel was ineffective for failing to challenge the government's explanation for exercising its peremptory strikes to against two minority jurors as pretextual. We disagree.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). With respect to the first prong of the test, "it is clear that the reviewing court is not free to engage in after-the-fact second-guessing of strategic decisions made by defense counsel. United States v. Claiborne, 870 F.2d 1463, 1468 (9th Cir.1989). Under Batson v. Kentucky, 476 U.S. 79, 89 (1986), once the prosecution has presented a race-neutral basis for exercising a peremptory challenge, the trial court must determine if the defendant has established purposeful discrimination. See Hernandez v. New York, 500 U.S. 352, 359 (1991).
 
 
 8
 In Changco's direct appeal this court upheld the reasons proffered by the prosecution for striking the minority jurors as valid race-neutral explanations. See United States v. Changco, 1 F.3d 837, 840 (9th Cir.), cert. denied, 510 U.S. 1019 (1993). This court did not address Changco's contention that the prosecution's explanations were pretextual, noting that counsel did not object on this ground and the record was therefore inadequately developed.
 
 
 9
 Counsel's failure to object on the specific ground of pretext did not amount to ineffective assistance. The traits articulated by the government regarding the jurors were capable of being observed in the courtroom as was the prosecutor's demeanor when explaining her reasons. The court rejected defense counsel's suggestion to further question one juror on her language abilities and instead accepted the government's explanations. See Hernandez, 500 U.S. at 365 (noting that prosecutor's state of mind is based on demeanor and credibility and lies within province of trial judge). Changco's suggestions regarding the type of observations his counsel could have made constitute mere after-the-fact speculation. See Claiborne, 870 F.2d at 1468-69. Accordingly, Changco has failed to show that defense counsel's performance in asserting the Batson objection was deficient. See Strickland, 466 U.S. at 687; Claiborne, 870 F.2d at 1469.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Changco also contends that: (1) the district court failed to provide an adequate statement of reasons for selecting a particular sentence and (2) counsel was ineffective for preserving the sentencing issue and for failing to defend Changco's case with "zest." Because Changco did not raise these issues in his § 2255 motion, we will not consider them here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)