## UNITED STATES of America, Plaintiff–Appellee,

v.

## Vincent GONZALEZ, Defendant–Appellant.

### No. 96–30161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1997.

Decided May 9, 1997.

---

Christine Stebbins Dahl, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

James Barkeley, Assistant United States Attorney, District of Alaska and Special Assistant United States Attorney, District of Oregon, Anchorage, Alaska; Steven Skrocki, Assistant United States Attorney, Anchorage, Alaska, for plaintiff-appellee.

Before FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* Senior District Judge.

## OPINION

SCHWARZER, Senior District Judge:

We must decide whether the district court abused its discretion when it denied defendant's motion for appointment of substitute counsel without first conducting an inquiry into defendant's allegation that his attorney had coerced him into entering a guilty plea.

## FACTS AND PROCEDURAL BACKGROUND

Gonzalez and five codefendants were charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. On the morning of the scheduled trial date, November 28, 1995, Gonzalez's counsel, Michael R. Smith, advised the court that Gonzalez intended to change his plea to guilty and to enter a plea agreement with the government. After a brief recess, Smith told the court that Gonzalez had signed the plea petition and plea agreement. The court then conducted a Rule 11 plea colloquy without incident, accepted the guilty plea, and set sentencing for a date later continued to April 22, 1996.

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

On April 12, Gonzalez submitted to the court a *pro se* motion for appointment of new counsel. In it, he asserted that he had not wanted to plead guilty and had done so only after being coerced and physically intimidated by his attorney;[1] that he had told Smith on the morning of November 28, before the plea was taken, that he did not want to plead and was ready to go to trial; that prior to the plea-taking, conflicts existed between Smith and Gonzalez over strategy, witness' testimony, and which witnesses to call at trial; and that between November 29, 1995, and the end of January 1996, Gonzalez asked Smith several times to withdraw his guilty plea, to which Smith allegedly responded that it was "highly unlikely" that he could.

At the sentencing hearing the court acknowledged receiving Gonzalez's motion for appointment of counsel. Gonzalez, in answer to the court's question whether he still wanted a new attorney and why, stated that Smith had forced him to plead. The court then asked Smith, in open court and in the presence of Gonzalez, whether this charge was true. Smith denied it. At that point, the government urged the court to conduct a hearing on Gonzalez's motion. The court declined to do so and denied the motion, essentially on the strength of Gonzalez's sworn responses at the plea-taking that no one was threatening him or forcing him to plead; the court then sentenced Gonzalez. Notice of appeal from the judgment was timely filed on May 3, 1996. *See* Fed. R.App.P. 4(a)(2). We have jurisdiction under both 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and REVERSE.

## DISCUSSION

The district court's denial of a motion to substitute counsel is reviewed for abuse of discretion. *United States v. D'Amore*, 56 F.3d 1202, 1204 (9th Cir.1995); *United States v. Castro*, 972 F.2d 1107, 1109 (9th Cir.1992), *cert. denied*, 507 U.S. 944, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993). "That discretion must be exercised, however, within the limitations of the Sixth Amendment, which grants criminal defendants a qualified constitutional right to . . . counsel of their choice." *D'Amore*, 56 F.3d at 1204 (citing *United States v. Ray*, 731 F.2d 1361, 1365 (9th Cir.1984)).

In exercising its discretion, the court must balance the defendant's Sixth Amendment right to counsel against the government's interest in the prompt and efficient administration of justice. *D'Amore*, 56 F.3d at 1204. In reviewing the district court's exercise of discretion, we consider three factors: (1) the adequacy of the court's inquiry into the defendant's complaint, (2) the extent of conflict between the defendant and counsel, and (3) the timeliness of the motion and the extent of resulting inconvenience or delay. *Id.; see also United States v. Torres–Rodriguez*, 930 F.2d 1375, 1381 (9th Cir.1991). We examine each in turn.

### A. *Adequacy of Inquiry*

"Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision.'" *D'Amore*, 56 F.3d at 1205 (quoting *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986)). At the sentencing hearing, Gonzalez alleged that his attorney forced him to plead guilty against his express wishes and threatened him if he did not take the plea. Gonzalez claimed that this occurred in the presence of his probation officer and that Smith had subsequently admitted engaging in such conduct. The government argues that, given Smith's denial in response to the court's question of whether this was true, further inquiry would have been useless. We disagree.

The court had available an independent witness, Gonzalez's probation officer, to help it resolve the matter. The court's failure to hold a hearing at which the officer's possibly dispositive testimony could have been presented resulted in an inquiry that was inadequate and that both deprived this court of a record for review and denied Gonzalez an opportunity fully to explore his concerns about his appointed counsel's performance. *See D'Amore*, 56 F.3d at 1205. Moreover, the government itself persistently urged the court to conduct some hearing into the na-

---

1. Specifically, the motion alleged that when Gonzalez initially refused to plead guilty, Smith became very agitated, threatened to "smack [Gonzalez] between the eyes," and told Gonzalez to "take the plea."

ture of Gonzalez's charges against his attorney, pointing out that under the Ninth Circuit's abuse of discretion standard, a district judge may be reversed for denying a motion to appoint substitute counsel without holding an adequate inquiry. *See id., Torres–Rodriguez,* 930 F.2d at 1381. In these circumstances, the failure to hold an evidentiary hearing on Gonzalez's motions was an abuse of discretion.

### B. *The Extent of Conflict Between Defendant and Counsel*

■ Whatever conflict may have existed between Gonzalez and his attorney going into the sentencing hearing, the district court clearly created one when it questioned Gonzalez's attorney in open court with Gonzalez present. When the court invited Smith to contradict his client and to undermine his veracity, Gonzalez in effect "was left to fend for himself, *without* representation by counsel.... Consequently [Gonzalez] was denied effective assistance at the [sentencing] hearing." *United States v. Sanchez–Barreto,* 93 F.3d 17, 22 (1st Cir.1996) (emphasis in original), *cert. denied,* —— U.S. ——, 117 S.Ct. 711, 136 L.Ed.2d 631 (1997).

■ The Sixth Amendment guarantees the right to the effective assistance of counsel at all critical stages of a criminal proceeding. *Menefield v. Borg,* 881 F.2d 696, 698 (9th Cir.1989). A sentencing hearing is such a "critical stage." *United States v. Springer,* 51 F.3d 861, 864 (9th Cir.1995). By proceeding with the sentencing hearing under these circumstances, the district court abused its discretion.

### C. *The Timeliness of the Motion and Resulting Inconvenience and Delay*

■ The government argues that since the motion was filed a week before sentencing and five months after the plea was entered, it was untimely and would have resulted in needless delay. Gonzalez, however, claims that he objected to the plea as soon as it was entered and that Smith ignored his repeated attempts to change the plea, left the country, and was unavailable to assist him. The district court made no findings on the issue. *See Torres–Rodriguez,* 930 F.2d at 1381. On remand, the district court may appropriately consider whether Gonzalez unreasonably delayed submitting his motion and whether granting Gonzalez's motion would have resulted in undue inconvenience.

### CONCLUSION

We therefore VACATE Gonzalez's sentence and REMAND for further proceedings consistent with this opinion.