**UNITED STATES of America, Plaintiff,**

v.

**Tony O. McDANIEL, Defendant.**

**No. CR96–1140(B)–ER.**

United States District Court,
C.D. California.

Jan. 15, 1998.

---

David R. Evans, Pasadena, CA, for defendant.

## ORDER DENYING MOTION TO SUBSTITUTE COUNSEL

RAFEEDIE, Senior District Judge.

On January 13, 1998, defendant Tony O. McDaniel's Motion to Substitute Counsel came on for an *ex parte* hearing before the Honorable Edward Rafeedie in Courtroom 1. Counsel for the United States of America was not present. The Court has read and considered the papers filed in connection with this motion, and has considered the oral argument of both the defendant and his counsel David R. Evans, and now HEREBY DENIES the motion.

## I

■ Under Section 3006A(c) of Title 18 of the United States Code, a court may "in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." In making this determination, a court must inquire into the nature of the defendant's complaint and consider primarily (1) the timeliness of the motion and the degree of resulting inconvenience and delay, and (2) the extent of the conflict between the accused and counsel and whether a total breakdown in communication has occurred such that the defendant is unable to present an adequate defense. *See United States v. Gonzalez,* 113 F.3d 1026, 1028 (9th Cir.1997); *United States v. Schaff,* 948 F.2d 501, 503 (9th Cir.1991).

■ To the extent a defendant's grievance raises ineffective assistance of counsel, the attorney-client privilege has been impliedly waived, and neither the client nor counsel may assert it at this type of hearing. *See Wharton v. Calderon,* 127 F.3d 1201, 1203–05 (9th Cir.1997); *Home Indem. Co. v. Lane Powell Moss & Miller,* 43 F.3d 1322, 1326 (9th Cir.1995); *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir.1992).

## II

■ As a preliminary matter, the Court notes that the defendant's motion, which was filed nearly one month before trial, is prima facie timely in the sense that it has not been filed on the eve of trial. *See United States v. Garcia,* 924 F.2d 925, 926 (9th Cir.), *cert. denied,* 501 U.S. 1210, 111 S.Ct. 2809, 115 L.Ed.2d 982 (1991). Nevertheless, to grant the motion and appoint new counsel now would certainly arrest the momentum of the proceedings and require yet another continuance of the trial. Such a delay would also result in undue inconvenience to witnesses (approximately twelve of which will travel in from Memphis, Tennessee) [1] and co-defendants (two of whom have been in custody for over one year). *See United States v. Roston,* 986 F.2d 1287, 1292 (9th Cir.), *cert. denied,* 510 U.S. 874, 114 S.Ct. 206, 126 L.Ed.2d 163 (1993); *Garcia,* 924 F.2d at 926.[2]

Moreover, this case has previously been continued on two occasions for the benefit of this defendant.[3] The first time came on October 3, 1997, nearly a month after Mr. Evans was appointed as new counsel[4]—to replace Marcia Brewer (former appointed counsel)—and the second instance came in mid-November of the same year.[5] Both continuances were requested by Mr. Evans, and the Court granted both so that the Defendant could undergo psychiatric evaluation.

Furthermore, according to the defendant, his disagreement over strategy (which the

---

1. The record and prior proceedings reflect that of the twelve witnesses flying in from Memphis, approximately five are civilians who must make arrangements with their employers and families to account for their absence.

2. In *Roston,* the court of appeals found a motion to substitute counsel untimely where—like here—"the case had been pending for more than a year, [the defendant] had been through three attorneys, and ... was asking for a fourth," and the motion was brought two weeks before trial. *Roston,* 986 F.2d at 1292.

3. The Court also granted a continuance in mid-April at the request of co-defendants Edward Stanley and Daniel Ray Bennett, moving the trial date from July 8, 1997 to October 7, 1997.

4. Continuing the trial date from October 7, 1997 to November 18, 1997.

5. Continuing the trial date from November 18, 1997 to January 20, 1998.

Court addresses below) has been ongoing, and the Court cannot see why the defendant could not have brought this motion at an earlier date.

All considered, the Court finds that the defendant's Motion to Substitute Counsel is untimely.

### III

■ As to the extent of the conflict between the accused and counsel, the defendant claims in a letter received by the Court on December 23, 1997, a "complete and total failure of communication." Counsel concurred in a declaration with the bare assertion that "no meaningful communication now occurs between us."

After conducting the hearing on this matter, the Court concludes that these allegations are unsubstantiated.[6] At worst, there is mere friction between counsel and client and disagreement on strategy,[7] neither of which constitute a "total lack of communication such that the defendant [is] unable to present an adequate defense." *Schaff*, 948 F.2d at 503. Although the defendant may be a difficult client, the record indicates that the line of communication remains open. *See United States v. George*, 85 F.3d 1433, 1439 (9th Cir.1996). Counsel admitted as much at the hearing.

This is also the second time the defendant has sought to replace appointed counsel for an alleged breakdown in communications—the Court having granted the first—and the Court now questions whether the defendant could get along with anyone. On that score, the present case rings remarkably similar to *United States v. Roston*, 986 F.2d 1287 (9th Cir.), *cert. denied*, 510 U.S. 874, 114 S.Ct. 206, 126 L.Ed.2d 163 (1993), where the court of appeals stated:

"[A]ny breakdown in communication between [the defendant] and his current counsel was entirely [the defendant's] fault.... He said he *didn't trust his current counsel. The reason he didn't trust him was allegedly because he, [the defendant], had been mistreated by his previous attorneys. This showing was insufficient.* [The defendant's] relationships with his previous attorneys had no bearing on his relationship with his current attorney.... It was [the defendant] who refused to communicate with his attorney. He then attempted to use this refusal to communicate to get a new lawyer, without providing any reasonable explanation to support his request."

*Id.* at 1292–93 (emphasis added).

Similarly here, McDaniel's motion indicates that he has lost "all trust and faith" in Mr. Evans. At the hearing, the defendant spent much of his time complaining about Marcia Brewer (his previous appointed counsel) and her alleged mistreatment of him.

Although the Court concludes that there has not been a complete breakdown in communication, even if there were, its sole cause would be the defendant's stubbornness. Either way, the defendant is not entitled to new appointed counsel.

### IV

■ As an alternate ground for his motion for new counsel, the defendant claims that Mr. Evans has failed to file numerous motions on his behalf and that this failure constitutes "ineffective assistance of counsel."

Strategic decisions, to the extent they are objectively reasonable, are permissible and do not constitute ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).[8] This principle has been

---

**6.** The Court is of the opinion that the defendant's use of buzz phrases such as "complete and total failure of communication" reflects a calculated attempt to place this grievance squarely within the applicable case law. Such statements, and others like it, are pulled directly from the case law (often torn out of context), and are made to give the appearance of a conflict of interest.

**7.** There is no Sixth Amendment right to a "meaningful relationship" between the accused and counsel. *Morris v. Slappy*, 461 U.S. 1, 13–14,

103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983); *see also Schaff*, 948 F.2d at 505.

**8.** A review of counsel's performance is strictly limited. "The test has nothing to do with what the best lawyers would [do]. Nor is the test even what most good lawyers would [do]. We ask only whether some reasonable lawyer ... [would act], in the circumstances, as [present counsel acted]." *Dyer v. Calderon*, 122 F.3d 720, 732 (9th Cir.1997).

**1098**

long established and repeatedly followed. Even "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690–91, 104 S.Ct. at 2066. And "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

The Court considered the defendant's contentions in open court and inquired of counsel what services had been rendered since his appointment and whether counsel considered the defendant's motions meritless. Counsel's responses proved to the satisfaction of the Court that thus far counsel's performance has been entirely satisfactory.

**V**

All considered, the Court DENIES the Motion to Substitute Counsel and advises the defendant Tony O. McDaniel that he will proceed with Mr. Evans as counsel. The defendant expressed himself at length at the hearing but never articulated sufficient reason for appointing new counsel. Rather, it appears to the Court that jailhouse lawyers had advised the defendant to take drastic measures to ensure that the Court would appoint a lawyer who would merely rubber stamp the requests of the accused without regard for the case law, rules of procedure, or canons of ethics.

If the defendant still desires to represent himself, as was previously indicated in his letter to the Court received December 23, 1997, then he is ORDERED to return to the Court with his counsel on January ___, 1998 at _____, so that the Court may consider such a request.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by telefax or by United States mail, copies of this Order on counsel for the parties in this matter.