141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Gabriel VALLE, Defendant-Appellant.
 No. 96-30356.
D.C. No. CR-96-00098-1-ALH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gabriel Valle appeals his jury conviction for distributing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, Valle contends that the district court erred by denying his pretrial motion for new counsel. This contention is meritless.
 
 
 4
 Although Valle's motion was timely, the court adequately inquired into his complaints that counsel was trying to force him to accept a guilty plea and was preying on his inability to speak and understand English. The court also examined the extent of the alleged conflict between Valle and his counsel, and afforded Valle more than one opportunity to explain it; Valle, however, failed to detail the nature or severity of the conflict. See United States v. Gonzalez, 113 F.3d 1026, 1028-29 (9th Cir.1997); United States v. Castro, 972 F.2d 1107, 1110 (9th Cir.1992). Accordingly, the district court did not abuse its discretion by denying the motion. See Gonzalez, 113 F.3d at 1028.
 
 
 5
 Next, Valle contends that the district court improperly admitted the hearsay statement of a coconspirator without expressly finding that the statement was admissible under Federal Rule of Evidence 801(d)(2)(E). This contention lacks merit.
 
 
 6
 Notwithstanding that the district court failed to make the necessary findings, there was strong evidence of Valle's guilt, and the statement added little to the evidence against Valle. Thus, any error in admitting the statement was harmless. See United States v.. Garza, 980 F.2d 546, 553 (9th Cir.1992). Accordingly, the district court did not abuse its discretion by admitting the statement. See id.
 
 
 7
 Finally, Valle contends that the district court erred by failing to instruct the jury on the definition of aiding and abetting. We review for plain error because Valle did not object to the district court's omission. See United States v. Sayetsitty, 107 F.3d 1405, 1411 (9th Cir.1997).
 
 
 8
 The court's failure to define aiding and abetting was error. Valle, however, has failed to carry his burden of showing that the error affected his substantial rights. See See United States v. Perez, 116 F.3d 840, 846-47 (9th Cir.1997) (en banc). Valle would not have been acquitted of distribution and possession had the jury been instructed as to the definition of aiding and abetting. Further, given the clear and overwhelming evidence against Valle, it is "highly likely" that, completely instructed, the jury would have found him guilty either as an aider and abettor or a principal, and thus the error did not " 'seriously affect[] the fairness, integrity or public reputation" ' of the trial. See id. at 848 (citation omitted). Accordingly, the court's failure to define aiding and abetting does not warrant correction. See id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3