**Howard MARCUS, Petitioner—
Appellant,**

v.

**J.W. FAIRMAN, Jr., Warden,
Respondent—Appellee.**

**No. 00–16831.
D.C. No. CV–98–01169–CAL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Howard Marcus, a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 petition challenging his eight-year sentence following a nolo contendere plea to inflicting corporal injury on his spouse, and admissions of inflicting great bodily injury and using a deadly or dangerous weapon in the commission of the offense. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Schell v. Witek*, 218 F.3d 1017, 1022 (9th Cir.2000) (en banc), and we affirm.[1]

Marcus first contends that he was denied the right to counsel at his plea withdrawal hearing because the trial court failed to appoint substitute counsel based on his allegations that counsel failed to properly investigate his case, failed to interview him, and was friends with the prosecutor. A review of the record shows that Marcus was represented by retained counsel at the time of the hearing and neither requested new counsel nor attempted to discharge retained counsel. Moreover, Marcus points to no Supreme Court authority supporting the proposition that informing the trial court that he is dissatisfied with his retained counsel's performance alone automatically requires the trial court to replace retained counsel. *Cf. Jackson v. Ylst*, 921 F.2d 882, 887–88 (9th Cir.1990) (rejecting argument that moving for a new trial based on incompetency of counsel creates a conflict which requires the court to appoint new counsel).

Marcus also contends that he was denied the right to counsel at the plea withdrawal hearing because the trial court created a disabling conflict of interest when it asked counsel to expound on Marcus' reasons for requesting a withdrawal of his plea. Marcus fails to demonstrate that by answering the state court's questions, counsel actively represented conflicting interests that adversely affected her performance.[2] *See Mickens v. Taylor*, — U.S. —, — – —, 122 S.Ct. 1237, 1245–46, 152 L.Ed.2d 291 (2002) (holding that absent objection asserting conflict, or inquiry into potential conflict by the trial court, petitioner must show an actual conflict of interest that adversely affected counsel's performance); *Cuyler v. Sullivan*, 446 U.S. 335, 348–49, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (holding that defendant who raised no objection at trial must demonstrate a conflict of interest actually affected counsel's representation).[3]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Marcus' "supplemental" addendum to the opening brief includes issues not certified for appeal. Because those issues are not properly before us, we decline to entertain them. *See Hiivala v. Wood*, 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam) (limiting review to issues in the COA).

2. To the extent Marcus argues that *United States v. Gonzalez*, 113 F.3d 1026 (9th Cir. 1997) mandates reversal, we disagree. *Gonzalez* is distinguishable based on the nature of the conflict alleged. Furthermore, *Gonzalez* is not "clearly established law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

3. Appellant's July 17, 2002, Request for Judicial Notice is granted. All other pending motions are denied.