**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco AGUILAR GUTIERREZ, Defendant—Appellant.**

No. 00–50632.

D.C. No. CR–99–01140–R–01.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 9, 2002.

Fed. R.App. P. 34(a)(2).

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

MEMORANDUM**

Francisco Aguilar Gutierrez (Gutierrez) was convicted by a jury of possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute the same. The district court imposed a mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b)(1)(A). Gutierrez appeals both the conviction and sentence. Because the facts and procedural history are familiar to the parties, we recount them only to the extent necessary.

Gutierrez argues his conviction should be reversed because the district court denied his motion for substitution of counsel on the morning of trial. Gutierrez contends his Sixth Amendment right to assistance of counsel was violated when the

district court failed to conduct an adequate inquiry before denying the request.

We review a district court's denial of a motion to substitute counsel for an abuse of discretion. *See United States v. Castro,* 972 F.2d 1107, 1109 (9th Cir.1992). The reviewing court must balance the government's interest in the prompt and efficient administration of justice against the defendant's Sixth Amendment right to counsel. *See United States v. Gonzalez,* 113 F.3d 1026, 1028 (9th Cir.1997).

"Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a sufficient basis for reaching an informed decision." *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000). However, we must "accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." *United States v. Walker,* 915 F.2d 480, 483 (9th Cir.1990).

■ We hold that the district court did not abuse its discretion in denying Gutierrez' motion for substitution of counsel. Here, though no extensive verbal inquiry was conducted, Gutierrez submitted a letter, later entered into the record, explicitly addressing his alleged concerns with counsel. Because the letter was directed at defendant's perceived deficiencies with the government's case, and not indicative of any breakdown in communication or incompetence of counsel, the district court did not err in denying the motion on the morning trial was set to begin. *See United States v. McClendon,* 782 F.2d 785, 789 (9th Cir.1986) (although district judge did not make formal inquiry into defendant's alleged conflict with counsel, defendant's description of the problem and court's own

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

observations provided sufficient basis for reaching informed decision).

■ Gutierrez also challenges his sentence as unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by our decision in *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc) (holding federal drug statute facially constitutional), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). To the extent that Gutierrez argues that 21 U.S.C. § 841(b)(1)(A) and (B) are unconstitutional because they require drug type to be determined by a lesser standard, this argument is also foreclosed by our precedent. *See United States v. Carranza*, 289 F.3d 634, 643–44 (9th Cir.2002) (holding that government need not prove drug type or knowledge of drug quantity).

Accordingly, the district court is affirmed as to Gutierrez' jury conviction and sentencing.

AFFIRMED.