James MILNE, Petitioner—Appellant,

v.

Gail LEWIS, Warden, Respondent—Appellee.

No. 04–55502.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2005.

Decided June 15, 2005.

Stephen M. Lathrop, Esq., Lathrop & Villa, Torrance, CA, for Petitioner—Appellant.

Barry J.T. Carlton, Garry Haehnle, Esq., Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: LAY,* REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM **

Petitioner James Milne appeals the district court order denying his habeas petition. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Milne seeks, *inter alia,* a federal evidentiary hearing on his ineffective assistance of counsel claims. Because Milne's application for habeas relief was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), our review is governed by AEDPA. *Woodford v. Garceau,* 538 U.S. 202, 210, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). Although Milne's habeas petition is governed by the AEDPA, which limits a district court's discretion to conduct evidentiary hearings, see 28 U.S.C. § 2254(e)(2) (providing that petitioners who failed to develop the facts in state court may not obtain an evidentiary hearing in district court except in limited cir-

James Milne, Coalinga, CA, pro se.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cumstances), here we assess the availability of an evidentiary hearing under pre-AEDPA law because Milne exercised sufficient diligence in seeking to develop the factual basis of his claim in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 420, 437, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) ("If there has been no lack of diligence at the relevant stages of the state court proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements.").

Under pre-AEDPA law, a habeas petitioner is entitled to an evidentiary hearing on a claim where the facts are in dispute if (1) he has alleged facts that, if proven, would entitle him to relief, and (2) he did not receive a full and fair evidentiary hearing in state court. *Silva v. Woodford*, 279 F.3d 825, 853 (9th Cir.2002). Milne did not receive an evidentiary hearing in state court, so the salient question is whether he has alleged facts, which if proven, would entitle him to relief.

Here, Milne claims that his guilty plea was coerced by his initial attorney who threatened to withdraw from representation and to testify against him if he did not agree to the plea. Milne also asserts that his guilty plea was involuntary, and that he failed to understand the consequences of the plea, because of the medication that he was taking for his psychological conditions. As a result, Milne claims that his substitute counsel rendered constitutionally ineffective assistance of counsel by failing to adequately investigate and present these issues in his motion to withdraw his plea. If Milne's factual allegations about the involuntariness of his guilty plea and his substitute counsel's fail-

ure to investigate and uncover available evidence to support his claim of involuntariness are proved, he would have sufficiently shown deficient performance and substantial prejudice to be entitled to relief. Under the circumstances, given Milne's unrebutted affidavit and allegation that his attorney improperly coerced him into making a guilty plea, the district court should have conducted an evidentiary hearing. *Cf. United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir.1997).

We remand this case with instructions to the district court to hold an evidentiary hearing on the claims. We express no opinion on the merits of the claim, nor do we reach any other issue urged by the parties on appeal.

**REVERSED AND REMANDED.**