NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10142 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00189-LHK-1 |
| v. | |
| SUNITHA GUNTIPALLY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 13, 2020**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,*** District
Judge.

Sunitha Guntipally appeals the district court's denial of her motion to

withdraw her guilty plea. Following the denial, the district court imposed a 52-month

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

sentence on the one count to which Guntipally had pled guilty—conspiracy to commit visa fraud, use of false documents, mail fraud, obstruction of justice, and witness tampering in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We assume for the purposes of this appeal (without so holding) that Guntipally did not waive her ability to appeal her conviction, the judgment, or orders of the district court. Instead, we hold that Guntipally's appeal fails on the merits. She contends that the district court abused its discretion in denying her motion to withdraw her guilty plea and by not conducting an evidentiary hearing relating to her allegations that her guilty plea was a result of ineffective assistance of counsel. We disagree.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009). We also review a district court's decision as to whether to conduct an evidentiary hearing for abuse of discretion. *See United States v. Smith*, 155 F.3d 1051, 1063 n.18 (9th Cir. 1998). Abuse of discretion occurs where the court "rests its decision on an inaccurate view of the law, . . . or on a clearly erroneous finding of fact." *Ensminger*, 567 F.3d at 590 (internal quotation marks and citations omitted). A district court's finding of fact is clearly erroneous only if it is not plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74

(1985).

The district court entered a very thorough 47-page order explaining why Guntipally's codefendants' motions to withdraw their pleas, and Guntipally's allegations of ineffective assistance of counsel, were not "fair and just reason[s] for [allowing Guntipally's] withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court applied the correct legal standard in concluding that Guntipally did not raise reasons for withdrawal that would have "plausibly motivated a reasonable person in [her] position not to have pled guilty had [she] known about [them] prior to pleading." *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008) (quoting *United States v. Garcia*, 401 F.3d 1008, 1011–12 (9th Cir. 2005)). The district court's findings of fact are plausibly based on the record. We find no abuse of discretion.

The district court also did not abuse its discretion in declining to conduct an evidentiary hearing. As the district court explained, the record provided sufficient evidence to show that Guntipally's claims of ineffective assistance of counsel were unfounded. *See United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir.1997) (stating that a district court "must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision'" (citation omitted)).

**AFFIRMED.**