Filed 7/30/24  P. v. Sanchez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSUE ISRAEL SANCHEZ,<br><br>    Defendant and Appellant. | D081922<br><br><br>(Super. Ct. No. SCN351546) |

APPEAL from an order of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Randall D. Einhorn and Susan Elizabeth Miller, Deputy Attorneys General for Plaintiff and Respondent.


In 2016, a jury convicted Josue Israel Sanchez of forcible rape and oral copulation and he was sentenced to 37 years in prison.  At the sentencing

hearing, the trial court initially ordered Sanchez to pay $2,620 in victim restitution pursuant to Penal Code section 1202.4. However, when Sanchez's counsel indicated he was disputing the restitution, the district attorney withdrew the request.

In January 2023, the district attorney filed a motion for victim restitution, requesting repayment to the California Victim Compensation Board (Board), which had paid the victim $2,120 for relocation expenses in 2016. The court conducted a hearing on the request, and granted the motion over Sanchez's objections that the request was untimely and that insufficient evidence supported the amount requested. Sanchez appeals from that order, arguing he was provided ineffective assistance of counsel and the trial court erred by denying his motion for new counsel. We reject Sanchez's arguments and affirm the order granting the restitution motion.

## PROCEDURAL AND FACTUAL BACKGROUND

"The victim rented a bedroom in an apartment for herself and her child from Sanchez's mother. Sanchez and his mother also lived in the apartment and shared the kitchen and the bathroom with the victim," while the victim stayed in the apartment's only bedroom. (*People v. Sanchez* (May 10, 2018, D071450) [nonpub. opn.] (*Sanchez*).) About a week after she moved in, after returning to the apartment with a friend after an evening out, Sanchez attacked the victim and forcibly raped her vaginally and orally. (*Ibid*.)

After the violent attack, the victim fled the apartment and called the friend she had been with earlier that night. He came over, and when the victim explained she had been raped, the friend called the police. (*Sanchez, supra*, D071450.) Sanchez was arrested later that night near the apartment. (*Ibid*.) The victim was taken to the hospital for a sexual assault examination.

2

DNA testing from samples taken during the exam showed Sanchez's sperm in several locations on the victim's body. (*Ibid.*)

Sanchez was charged with and convicted of forcible rape (Pen. Code, § 261, subd. (a)(2)[1]) and forcible oral copulation (§ 288a, subd. (c)(2)). In addition, the trial court found true allegations of a prior serious felony (§ 667, subd. (a)) and a strike prior (§§ 667, subds. (b)–(i), 1170.12, 668). Sanchez was sentenced to a total term of 37 years in prison. The trial court also imposed various fines and fees. It initially ordered restitution pursuant to section 1202.4 to the victim in the amount of $2,620. However, when Sanchez's counsel indicated he disputed the requested victim restitution and asked for a hearing, the district attorney withdrew the request for restitution and the court did not order restitution to be paid to the victim. Thereafter, Sanchez appealed, and this court rejected Sanchez's arguments and affirmed the judgment. (*Sanchez, supra*, D071450.)

Years later, in January 2023, the district attorney filed a motion for victim restitution, requesting compensation to the Board, which paid the victim $2,120 for relocation expenses in 2016. The district attorney submitted a certified record of $2,120 paid by the Board to the victim, as well as a lease entered in 2016 showing the victim's monthly rent of $1,060, and a security deposit of the same amount. The motion also included a mental health provider relocation verification form in accordance with section 1202.4, subdivision (f)(3)(I).

---

1    Subsequent undesignated statutory references are to the Penal Code.

At the start of the hearing for the victim restitution motion, Sanchez requested a *Marsden* hearing.[2] During the closed session, Sanchez told the court that his counsel had represented him at trial and that he was challenging that representation as ineffective in a pending petition for habeas corpus relief in federal court. Sanchez also stated he believed his counsel was lying to him, that he had been wrongly convicted, and that she had "never done her job." Sanchez's counsel responded that she had met with Sanchez about the pending motion and the documents submitted by the district attorney from the Board. She stated she intended to challenge the restitution request on the grounds of untimeliness. She also told the court she was aware of the habeas corpus petition filed by Sanchez, and that she had no opposition if the court wanted to appoint a new attorney for Sanchez.

Sanchez responded that the victim had no documentation to support the restitution that had been paid to her, he had discovered this problem, and asserted his counsel had a conflict of interest because of his habeas corpus petition. The trial court then denied Sanchez's *Marsden* motion, finding there was no irreparable conflict or breakdown in the attorney-client relationship that rendered counsel "unable to perform her duties with respect to the issue of restitution."

When the court resumed the hearing on the restitution request, the prosecutor explained she had submitted documentation in support of the motion for victim restitution. Sanchez's counsel then objected to the request on the ground it was not timely, it was based on hearsay, and the amount requested was not supported by the evidence. The court responded that the timeliness argument was "an interesting issue" and asked Sanchez's counsel

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118, 123 (*Marsden*)

4

if she wanted a continuance to submit a written brief in opposition. Defense counsel declined and stated she "would like to argue the issue."

Sanchez's counsel then argued that the People's failure to pursue victim restitution at the time of sentencing foreclosed its present request, which was filed seven years after sentencing. She also asserted there was insufficient evidence that the disbursement to the victim from the Board "was actually connected to the conduct alleged."

In response, the district attorney stated that the restitution request was timely because there is no restriction on when restitution can be sought once jurisdiction has been established, and the state constitution makes clear that failure on the part of the prosecutor or the court at the time of sentencing to order restitution does not defeat a victim's constitutional right to restitution. The district attorney explained that the documentation he submitted showed that the Board had helped the victim with costs to relocate to a new apartment after the attack by Sanchez in their shared apartment. The district attorney also asserted the court had discretion to consider the documentation provided by the Board, which was made under penalty of perjury, and that the document was not hearsay under section 1203.1d, subdivision (d).[3]

Sanchez's counsel then argued that while a request by the actual victim might not have a time limit to seek restitution, the Board, a government agency, could be subject to an untimeliness challenge. She argued that while

---

[3]    That provision states that for purposes of determining the amount of victim restitution to be ordered, "[d]ocumentary evidence, such as bills, receipts, repair estimates, insurance payment statements, payroll stubs, business records, and similar documents relevant to the value of the stolen or damaged property, medical expenses, and wages and profits lost shall not be excluded as hearsay evidence." (§ 1203.1d, subd. (d).)

courts should be sympathetic to compensating victims, a government agency should be held to a higher standard. The district attorney responded that section 1202.4 makes clear that the Board is considered a direct victim, to be afforded the same rights as the actual victim.

The court noted that the prosecution had delayed seeking recompensation for the restitution paid to the victim, that the district attorney carried the burden to show the restitution sought was supported by a preponderance of the evidence, and that the Board qualified as a victim for restitution purpose. The court then found the delay in seeking the funds from Sanchez did not invalidate the victim restitution required under the law, the prosecution had proven by a preponderance of the evidence that $2,120 was an appropriate award, and there was a nexus between the amount requested by the Board and the expenses the victim incurred as a result of the crimes committed against her by Sanchez. Accordingly, the court ordered restitution in the amount of $2,120 to be paid to the Board.

Sanchez filed a timely notice of appeal from the court's order.

DISCUSSION

I

Sanchez first contends his trial counsel was ineffective at the restitution hearing because she failed to file a written brief on the issue of the timeliness of the restitution request and failed to challenge the amount of restitution sought by the district attorney. The Attorney General responds that Sanchez has not shown ineffective assistance of counsel because there is no existing law that supports Sanchez's assertion that the district attorney's restitution motion was untimely, and the evidence presented by the district attorney in support of the motion was sufficient to support the court's order. We agree with the Attorney General.

6

A

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) That right "entitles the defendant not to some bare assistance but rather to effective assistance." (*Ibid*.) A defendant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *Ledesma*, at pp. 216, 218.) Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.)

Both the California Constitution and the Penal Code mandate restitution for victims of crime for losses that are incurred as a result of a defendant's criminal conduct. (Cal. Const., art I, § 28; § 1202.4.) The defendant has a right to a hearing on the amount of such restitution. At that hearing the person seeking restitution has the burden of showing the justification for restitution. Once a proper showing has been made the burden shifts to the defendant to refute the claim for restitution. (*People v. Giordano* (2007) 42 Cal.4th 644, 664; *People v. Fulton* (2003) 109 Cal.App.4th 876, 886–887.) The burden of proof at a restitution hearing is a preponderance of the evidence. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319–1320.)

7

B

Sanchez argues his trial counsel was constitutionally deficient in her representation of him at the restitution hearing because she did not adequately prepare for the hearing, and she declined the court's offer to submit a written brief on the issue of the timeliness of the motion for restitution. Sanchez also asserts that his attorney was ineffective because she did not challenge the amount of restitution sought. Sanchez contends there was no "conceivable tactical justification for" these failures, and that he was prejudiced by them.

In response to these arguments, the Attorney General contends Sanchez's trial counsel was not ineffective because there is no law supporting his claim that the restitution request was untimely, a fact made clear by his appellate briefing, which does not provide legal support for that claim. Further, the failure of trial counsel to provide additional argument on this issue is explained by the fact that victim restitution is mandatory under the state's constitution. Finally, the Attorney General contends that Sanchez's trial counsel could have reasonably decided to focus on timeliness and hearsay at the hearing, and not the amount of restitution at issue since the documentation submitted by the district attorney made challenging the amount futile. These arguments are well taken.

With respect to the timeliness of the district attorney's motion, the California Constitution mandates victim restitution " 'in every case ... in which a crime victim suffers a loss.' (Cal. Const., art. I, § 28, subd. (b)(13)(B).)" (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1188.) The statute implementing this constitutional mandate, section 1202.4, contains no time limitation on this requirement. Further, any sentence without such an award is invalid, and correctable at any time under section 1202.46. The

8

statute provides that "a victim, the district attorney, or a court on its own motion" may request a "correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4." (§ 1202.46.)

Further, as the Attorney General points out, Sanchez's briefing concedes he is "not aware at this time of any authority for the proposition that a victim restitution claim may be time barred, other than in the case of the restitution being imposed as a condition of probation." Given this absence of authority, it was reasonable for Sanchez's trial counsel to make the tactical decision not to request additional time to brief the issue of timeliness. Thus, her failure to do so did not constitute ineffective assistance of counsel. (See *People v. Williams* (1988) 44 Cal.3d 883, 936 [to succeed on claim of ineffective assistance of counsel, "[i]t must ... appear that the omission or omissions were not attributable to a tactical decision which a reasonably competent, experienced criminal defense attorney would make"].)

Likewise, with respect to the amount of restitution requested, sufficient evidence presented by the district attorney supported the request; it was reasonable for Sanchez's counsel to avoid this issue. The documentation provided by the Board showed that the victim moved out of the apartment where Sanchez lived and where the crimes occurred for her safety and mental well-being. The lease showed her new monthly rent and security deposit in the amount requested ($2,120), and the request was verified in 2016 by a mental-health treatment provider as required by section 1202.4,

subdivision (f)(3)(I).[4]  The mental health provider stated relocation was necessary to prevent the victim from "living in fear" and continuing to "experience the effects of the trauma," including "hypervigilance, sleep problems, loss of appetite, depression symptoms, and headache."  Given these facts, the failure of Sanchez's trial counsel to challenge the amount of restitution requested was reasonable.  Accordingly, we reject Sanchez's assertion that his trial counsel was constitutionally ineffective.

## II

Sanchez next contends that the trial court erred by denying his request for a different appointed attorney.  The Attorney General responds that Sanchez has not shown the court's denial of his request was an abuse of its discretion.  Again, we agree with the Attorney General.

A criminal defendant has no absolute right to substitute appointed counsel.  (*People v. Gutierrez* (2009) 45 Cal.4th 789, 803, citing *Marsden, supra*, 2 Cal.3d at p. 123.)  A party is entitled to a new attorney following a *Marsden* motion if he or she shows (1) his or her attorney is not providing adequate representation or (2) the party and his or her counsel have developed such an irreconcilable conflict that ineffective representation is likely to result.  (*People v. Taylor* (2010) 48 Cal.4th 574, 599 (*Taylor*).)  A court hearing a *Marsden* motion has broad discretion in determining whether

---

[4]    That provision states in full:  "Expenses incurred by an adult victim in relocating away from the defendant, including, but not limited to, deposits for utilities and telephone service, deposits for rental housing, temporary lodging and food expenses, clothing, and personal items.  Expenses incurred pursuant to this section shall be verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim."  (§ 1202.4, subd. (f)(3)(I).)

the defendant has established either inadequate representation or irreconcilable conflict.  (*People v. Smith* (1993) 6 Cal.4th 684, 696.)

When a defendant seeks to discharge appointed counsel, and have another attorney appointed, the trial court must let the defendant explain the basis of the contention and relate specific instances of the attorney's inadequate performance.  (*Marsden, supra*, 2 Cal.3d at p. 124.)  We review the court's denial of the motion for an abuse of discretion.  (*Taylor, supra*, 48 Cal.4th at p. 599.)  "Denial is not an abuse of discretion 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' "  (*Ibid.*; see also *People v. Panah* (2005) 35 Cal.4th 395, 431.)

Here, the trial court concluded there was not a breakdown in Sanchez's relationship with his trial counsel that impaired her ability to assist Sanchez with respect to the restitution hearing.  This decision was not an abuse of the court's discretion.  Rather, the record before this court shows that Sanchez's counsel met with him before the hearing and went over the documents submitted by the Board showing the disbursement to the victim of $2,120 in 2016.  Defense counsel also told Sanchez she was planning on challenging the restitution request on grounds of untimeliness and hearsay.  While counsel acknowledged that Sanchez had raised an ineffective assistance of counsel claim against her based on her representation at trial, she did not state that this prevented her from representing Sanchez zealously with respect to the very narrow issue of victim restitution.

Sanchez also asserts that the court's denial of his *Marsden* motion violated his fundamental right to counsel under the Sixth Amendment.  This argument is also not well-taken.  When an indigent defendant is appointed counsel, preference for a different lawyer is insufficient to support a federal

11

constitutional claim unless a conflict between counsel and client is so great that it "resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." (*Schell v. Witek* (9th Cir. 2000) 218 F.3d 1017, 1026.) Mere friction between counsel and client or disagreement on strategy does not constitute a " 'total lack of communication such that the defendant [is] unable to present a defense.' " (*United States v. McDaniel* (C.D.Cal. 1998) 995 F.Supp. 1095, 1097.) Here, Sanchez makes *no* argument that there was a lack of communication with his counsel or that his counsel impaired his ability to present his defense with respect to victim restitution.

In sum, the court was well within its discretion to reject Sanchez's bare assertion that the relationship between himself and defense counsel was so impaired that counsel could not represent him in this proceeding.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

RUBIN, J.

12