**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10354 |
| Plaintiff - Appellee, | D.C. No. CR. 08-1442-PHX-SRB |
| v. | |
| ARTURO RODRIGUEZ-RIOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted July 13, 2010
San Francisco, California

Before:  W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.[**]

Arturo Rodriguez-Rios appeals his conviction and sentence following a jury

trial for conspiracy to commit hostage taking and hostage taking, in violation of 18

U.S.C. § 1203, brandishing a firearm during a crime of violence, in violation of 18

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

U.S.C. § 924(c), and harboring illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291.  Appellant contends that the district court erroneously denied his motion to substitute counsel and that his sentence is substantively unreasonable.  We review both the denial of the motion to substitute counsel and the reasonableness of the sentence for abuse of discretion, *see United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009) and *United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009), and we affirm.

This court considers three factors in determining whether the denial of a motion to substitute counsel was an abuse of discretion:  "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense."  *Mendez-Sanchez*, 563 F.3d at 942 (citing *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005)).  Here, the government does not contend that the motion was untimely.

The district court's inquiry in this case was "adequate to create a sufficient basis for reaching an informed decision."  *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000) (internal quotation omitted).  The questioning of Rodriguez-Rios and his attorney revealed that the disagreement between them was related solely to their differing views regarding the strength of the evidence and the

2

wisdom of accepting the government's plea offer. Despite targeted questions by the district court, Rodriguez-Rios was unable to articulate any other reason to substitute counsel. Although Rodriguez-Rios did not speak English, there is no evidence that he was unable to understand the district court's questions, with the assistance of an interpreter.

Furthermore, the conflict between Rodriguez-Rios and his counsel was neither extensive nor irreconcilable, *see United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002), and did not result in a complete breakdown in communication. *Mendez-Sanchez*, 563 F.3d at 942. There is no evidence that counsel bore Rodriguez-Rios any ill-will, and counsel expressly indicated that he was willing to take the case to trial. "'[A] pessimistic prognosis by counsel is not a ground for change of counsel.'" *United States v. Schaff*, 948 F.2d 501, 504 (9th Cir. 1991) (quoting *United States v. Rogers*, 769 F.2d 1418, 1424 (9th Cir. 1985)).

Under these circumstances, the district court did not abuse its discretion when it denied Rodriguez-Rios's motion for substitution of counsel.

Rodriguez-Rios also contends that his below-Guidelines sentence of 264 months is substantively unreasonable, particularly in light of the disparity between his sentence and the relatively minimal sentences of his co-defendants. For a non-Guideline sentence, this court must "consider the totality of the circumstances,

3

including the degree of variance," *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008), giving "'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court properly took into account the § 3553(a) factors, including the disparity between the sentences of Rodriguez-Rios and his co-defendants. In light of the totality of the circumstances, it was not an abuse of discretion for the district court to conclude that a larger variance from the recommended Guidelines range was unwarranted. Therefore, the below-Guidelines sentence is not substantively unreasonable.

**AFFIRMED**.